■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN A. WALTON, Appellant.—Casey, J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered October 31, 1986, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the first degree.

On October 4, 1985 State Police assigned to Broome County received a tip from an informant, whose identity is still undisclosed, that two white males, one of whom was blond and heavy set, were trying to sell about a dozen stolen rifles and shotguns which were then located at the residence of Marsha Banks in the Village of Lisle, Broome County. Based on this information, 6 to 8 police officers, two of whom were in uniform and the rest in plain clothes, assembled and devised a plan which required one of the officers to pose as a prospective buyer and accompany the informant to Banks' home to verify the presence of guns. The remaining officers were then to move in and take appropriate action. Before reaching Banks' home, the informant abandoned the group, and the officers proceeded there directly at about 5:00 to 5:30 P.M. Investigator Charles Porter met Banks outside her home. She denied any knowledge of firearms and signed a consent form permitting the police to search the house. During the search, officers found defendant, a heavy-set blond male, and another white male named Elmer Irwin. The residence was searched while defendant and Irwin waited outside, but no guns were found.

The searchers then directed their attention to two vehicles at the rear of the residence. One of the vehicles was a 1980 Dodge Aspen and when Investigator Paul Koekebacker asked defendant for a consent to search it, defendant said his girl-friend owned the vehicle but that he used it. Ultimately, after some discussion, defendant signed the search and seizure waiver form and the vehicle was searched. A shotgun was found under the rear seat and two rifles were discovered in the trunk. The rifles, whose value was estimated at $810, were later determined to have been stolen from a residence in Sullivan County during a burglary. The shotgun had been traded for another gun stolen during the same break-in. Seven more guns were recovered from Banks' vehicle and three additional guns were later recovered from two persons who testified they had acquired them from Irwin and defendant in exchange for other items.

Following his conviction of the crime for which he was indicted, defendant was sentenced as a predicate felon to 3½ to 7 years in prison. On this appeal, defendant urges that the

rifles and shotgun were illegally seized from the car and should have been suppressed since he was coerced into consenting to the search. At the hearing Porter testified that defendant and Irwin were found in the house when he began to search it. They were asked to wait outside while the search was being conducted. Although they were not in custody or under arrest, two uniformed officers stood near them as they were then suspects and not free to leave. An hour to an hour and a half elapsed between the signing of the consent to search form by Banks and defendant's signing. Koekebacker admitted that when defendant was first requested to sign a consent form to search the Dodge vehicle, defendant protested that there were no guns and that the car belonged to his girlfriend. Koekebacker then stated that defendant did have custody and control of the car and asked defendant why he should worry about a search if he had nothing to hide. It was then that defendant signed the form.

Following receipt of this evidence, defense counsel argued for suppression based not only on involuntary consent but also on defendant's lack of requisite authority to give consent to search a car that did not belong to him. County Court denied defendant's motion, finding that defendant's consent prior to his arrest supplied the necessary basis for the search. Specifically, the court found that defendant did have authority to consent to a search and if he had lacked such authority, he would have lacked standing to object to the admissibility of the evidence seized. We agree with County Court that defendant's consent to the search of his girlfriend's car was shown to be voluntary. Defendant was not arrested or in custody at the time such consent was given; defendant was free to go in and out of the house, although he was not free to leave the vicinity; only two uniformed officers without drawn guns stood near him; defendant was not intimidated by police; there is no indication of coercion; and defendant gave police the keys to the locked car. Defendant was also a second felony offender with prior involvement with the law. Based on these factors defendant's consent to the car search was properly found to be voluntary (cf., People v Gonzalez, 39 NY2d 122, 129). Koekebacker's statement to defendant that he should have no reason to withhold consent if he had nothing to hide was not, in the circumstances, impermissible psychological pressure (cf., People v Litt, 71 AD2d 926), and it is not required that defendant be informed of his rights to refuse to consent to a search (see, People v Brown, 115 AD2d 791, lv denied 67 NY2d 880).

In our view the hearsay information supplied by the unidentified informant, whose veracity and reliability were not established *(see, Aguilar v Texas,* 378 US 108, 114), to the effect that a heavy-set blond male and another white male had hidden stolen guns at Banks' residence, supplied a reasonable suspicion of criminal activity that justified defendant's detention. If, however, the detention is deemed illegal, we believe the taint of any illegality was purged by defendant's voluntary consent to the search, as found by County Court.

Finally, we find no merit to defendant's contention that he was inadequately represented by counsel. Defense counsel challenged the police search and offered a consistent defense at trial. Defense counsel made appropriate objections and motions, attempted impeachment of witnesses' credibility, requested proper jury instructions and made an adequate summation. The assistance of counsel was, therefore, adequate and the judgment of conviction should be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.