■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN L. WAGER, Appellant. [604 NYS2d 1008] —Crew III, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered July 20, 1992, upon a verdict convicting defendant of the crimes of attempted kidnapping in the second degree and coercion in the first degree.

On May 31, 1991 Laurie Crabtree drove to the Binghamton Post Office in Broome County to post some catalogues for her customers. Upon exiting the post office, she noticed defendant sitting on a curb close to her car. As she approached her car, defendant grabbed her from behind and told her to "[S]hut up. Get to the car. Shut Up. Get in the car." Crabtree began to scream and struggle and, while doing so, a car pulled into the parking lot. Defendant then released Crabtree and fled. Defendant was subsequently indicted for the crimes of attempted kidnapping in the second degree, coercion in the first degree and attempted assault in the first degree. Upon his conviction of attempted kidnapping and coercion in the first degree, defendant was sentenced as a persistent felony offender to an indeterminate term of imprisonment of not less than 15 years nor more than his natural life.

"A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime" (Penal Law § 110.00). Of necessity, there must be proof of intent to commit a specific crime, here kidnapping (see, People v Warren, 66 NY2d 831). There is no evidence in the record that defendant intended to kidnap Crabtree, and while defendant's intent may be inferred from the surrounding circumstances (see, People v Henderson, 49 AD2d 978, affd 41 NY2d 233), such an inference may not be based upon conjecture (see, Bender's New York Evidence § 5.03 [2]). Here, although defendant may well have intended a sexual assault or a physical assault, any inference that defendant intended to kidnap Crabtree would be purely conjectural. Indeed, the only evidence of what defendant intended on the morning in question was his statement, introduced by the People, that Crabtree reminded defendant of his wife and he wanted to stab her.

We likewise conclude that the People failed in their proof of coercion in the first degree. In order to convict defendant of that crime, the People had to prove that defendant compelled Crabtree to engage in conduct which she had a legal right to

abstain from engaging in by instilling in her a fear that if the demand was not complied with, defendant would cause physical injury to her. Here defendant demanded that Crabtree "[g]et in the car", an act that she had an absolute right not to do. The record is clear that defendant instilled fear in Crabtree and it might readily be inferred that she feared physical injury if she did not comply. However, Crabtree never got into the car as demanded and, therefore, the required element of being compelled to engage in conduct which she had a right to abstain from engaging in was lacking. The trial evidence was, however, sufficient to sustain a conviction for attempted coercion in the first degree. Therefore, inasmuch as attempted coercion in the first degree is a lesser included offense of coercion in the first degree, we modify the judgment to reduce it to one of attempted coercion in the first degree and remit the case to County Court for resentencing (see, CPL 470.15 [2] [a]; 470.20 [4]; see also, People v Ingram, 143 AD2d 448, 450).

Mikoll, J. P., Yesawich Jr., Mercure and Cardona, JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's conviction of attempted kidnapping in the second degree and reducing defendant's conviction of coercion in the first degree to attempted coercion in the first degree, and matter remitted to the County Court of Broome County for resentencing. [As amended by unpublished order entered Dec. 16, 1993.]