■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE ROSICA, Appellant. [605 NYS2d 455] —Casey, J. Appeal from a judgment of the County Court of Tompkins County (Friedlander, J.), rendered July 26, 1990, upon a verdict convicting defendant of the crimes of criminal sale of a

controlled substance in the first degree, criminal possession of a controlled substance in the first degree, attempted criminal possession of a controlled substance in the first degree and conspiracy in the second degree.

Defendant's convictions stemmed from his operation of a cocaine distribution ring in Tompkins County. Incriminating evidence against defendant was provided by several accomplices, who were themselves apprehended on drug charges and given leniency in exchange for their cooperation with the authorities. Some of the accomplices were equipped with body wires, and their conversations with defendant in regard to the distribution and sale of cocaine were recorded and played to the jury at trial. Other evidence was obtained from a trailer owned by the woman with whom defendant was having an affair. She gave her consent for police to search her trailer, opened a safe and turned over a wallet belonging to defendant which was contained therein. The wallet contained a paper with initials and numerical amounts, which was introduced by the prosecution to show that the amounts on the paper represented drug debts owed to defendant by the person whose initials appeared on the paper. On its case the defense called witnesses who testified that the numerical amounts represented legitimate loans that defendant had made to them for purposes unrelated to drugs.

On his appeal, defendant urges that the paper from his wallet was impermissibly admitted against him at trial. According to defendant, the consent to open the safe should be considered void because the woman had been subjected to psychological pressure to give her consent. We disagree with this argument. Whether such consent is voluntary is based on all the relevant circumstances (see, People v Gonzalez, 39 NY2d 122), and the circumstances surrounding the consent here support a determination of voluntariness (see, People v Walton, 144 AD2d 180, lv denied 73 NY2d 897).

Defendant's next argument involves the failure of County Court to charge the jury that circumstantial evidence must exclude to a moral certainty every hypothesis except defendant's guilt. Such charge need not be given where, as here, the evidence offered is both direct and circumstantial (see, People v Barnes, 50 NY2d 375, 380-381). The evidence given here by defendant's accomplices is direct evidence (see, People v McDermott, 185 AD2d 384, lv denied 80 NY2d 906).

Defendant also claims error in the submission by County Court of the lesser included offense of attempted criminal

possession of a controlled substance in the first degree in regard to the first count of the indictment. Defendant contends that an attempt to possess cocaine was not sufficiently near completion to allow a conviction for such attempt *(see, People v Warren,* 66 NY2d 831), so that a reasonable view of the evidence did not permit submission to the jury of such charge. Defendant contacted his supplier and planned the time, place and amount of drugs to be delivered. The supplier, who had then become a police informer, went to a prearranged location with the police, where defendant signaled the supplier to follow him. All these preparations omitted only defendant's acceptance of the cocaine, and that factor was within defendant's control. We view the submission of the lesser charge to the jury to have been appropriate *(see, People v Acosta,* 80 NY2d 665).

Defendant next contends that County Court erred in charging the jury that the cocaine recovered from the accomplices could be considered as corroboration of their testimony concerning defendant's possession and sale of cocaine, which served as the basis for the second and third counts of the indictment. The possession and sale crimes are separate from the conspiracy, even though they may have been committed in furtherance of the conspiracy, and liability for those offenses may not be predicated upon defendant's participation in the conspiracy *(see, People v McGee,* 49 NY2d 48, 56-58, *cert denied* 446 US 942). Two of the accomplices testified that the cocaine seized from them when they were arrested had been purchased from and possessed by defendant. Defendant contends that neither the cocaine itself nor any other evidence corroborates this testimony.

Corroborative evidence need only tend to connect defendant to the commission of the crime so as to satisfy the jury that the accomplice is telling the truth *(People v Moses,* 63 NY2d 299, 306), and such evidence may be considered cumulatively *(People v Glasper,* 52 NY2d 970). The cocaine possessed by defendant's accomplices, however, does not tend to connect defendant to the possession of that cocaine or its sale to the accomplices, despite the evidence of a conspiracy to sell cocaine *(see, People v Malizia,* 4 NY2d 22, 26-27). The only evidence that the cocaine came from defendant was the accomplices' testimony. We reject the prosecution's contention that the recorded body wire conversations between defendant and two of the accomplices tend to link defendant with the cocaine. The conversations suggest that defendant was involved in illicit drug trafficking, but without the accomplices'

testimony to explain the conversations, the evidence does not tend to connect defendant to the particular possession and sale charged in the second and third counts of the indictment. The corroborative evidence must be independent of, and may not draw its weight and probative value from, the accomplices' testimony *(People v Moses, supra,* at 306; *People v Hudson,* 51 NY2d 233, 238). There is no such corroboration regarding the crimes charged in the second and third counts of the indictment and, therefore, defendant's conviction of those counts cannot stand.

We have examined defendant's contention that his counsel was ineffective and find it baseless *(see, People v Baldi,* 54 NY2d 137). Defense counsel is an experienced, able and skilled trial attorney whose representation here, as revealed by the record, was more than adequate.

Mikoll, J. P., Yesawich Jr. and Mercure, JJ., concur. Ordered that the judgment is modified, on the law, by reversing the convictions as to counts two and three of the indictment; indictment dismissed as to those counts; and, as so modified, affirmed.