■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIZABETH CASSARINO, Appellant. [747 NYS2d 95]

Although defendant has not preserved her claim of legal insufficiency regarding the four counts of coercion, we nevertheless address the merits as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]). Defendant was charged with reckless endangerment and four counts of coercion in the first degree based on claims that she poured gasoline down a coin slot at an attendant's booth in a Hess gasoline station at 10th Avenue and 45th Street after she repeatedly cursed at two at-

tendants, vowing no one else would be served. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620), we find the proof deficient that defendant's words and behavior instilled a fear in the Hess attendants that she would cause physical injury or damage to property should they not comply with her demands. Rather, the record reflects that the attendants continued to operate the gas station without expressly or impliedly exhibiting any signs of fear required by statute (*see* Penal Law § 135.65 [1]).

However, the evidence adduced at trial is more than sufficient to infer that defendant intended to coerce the attendants, but was thwarted in her efforts when they refused to comply with her demands and, instead, continued with business as usual without a discernible trace of fear. Accordingly, the evidence satisfies the elements of attempted coercion in the first degree (*see* Penal Law § 135.65 [1]; § 110.00). Inasmuch as attempted coercion in the first degree is a lesser included offense of coercion in the first degree, we modify the judgment to reduce it to four counts of attempted coercion in the first degree and remit the case to Supreme Court for resentencing (*see* CPL 470.15 [2] [a]; *People v Wager*, 199 AD2d 642, *lv denied* 83 NY2d 811).

In any event, as set forth above, we also conclude that the verdict insofar as appealed from was against the weight of the credible evidence (*see People v Bleakley*, 69 NY2d 490, 494; CPL 470.15 [1], [5]). Concur—Andrias, J.P., Rosenberger, Lerner, Friedman and Marlow, JJ.