■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BENS, Appellant. [772 NYS2d 711]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered July 12, 2001, convicting him of attempted criminal possession of a controlled substance in the first degree and coercion in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of coercion in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The evidence, viewed in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), established that the defendant expected the delivery of a package containing a kilogram of cocaine to the house in which he was a tenant. Instead of alerting him to the arrival of the package, as he had requested, the defendant's landlady took the package to the police. Since the defendant's conduct "had gone to the extent of placing it in [his] power to commit the offense unless interrupted," he came "very near" to the accomplishment of the intended crime of possessing the cocaine, notwithstanding the interruption caused by the landlady's diversion of the package (*People v Mahboubian,* 74 NY2d 174, 190-191 [1989] [internal quotation marks omitted]; *see People v Sobieskoda,* 235 NY 411, 419 [1923]; *People v Acosta,* 198 AD2d 285 [1993]; *see also People*

*v Rosica,* 199 AD2d 773 [1993]). Thus, the evidence at trial was legally sufficient to establish the defendant's guilt of attempted criminal possession of a controlled substance in the first degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt of that charge was not against the weight of the evidence (*see* CPL 470.15 [5]).

As the People correctly concede, the conviction of coercion in the first degree was not supported by legally sufficient evidence, since the defendant's statements to the landlady's son that his family was in danger did not succeed in compelling or inducing the son to return the cocaine to the defendant (*see* Penal Law §§ 135.60, 135.65 [1]; *People v Cassarino,* 297 AD2d 543 [2002]; *People v Wager,* 199 AD2d 642 [1993]).

The parties' remaining contentions do not require further modification of the judgment. Smith, J.P., Goldstein, H. Miller and Townes, JJ., concur.