■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM FRANKLIN, Appellant. [614 NYS2d 9] —Judgment, Supreme Court, New York County (Harold J. Rothwax, J.), rendered on May 4, 1992, convicting defendant, following a nonjury trial, of manslaughter in the first degree and assault in the second degree and sentencing him to concurrent terms

of 3⅓ to 10 years and 1 year, respectively, unanimously affirmed.

It is settled that, in examining the adequacy of the proof, the court must view the evidence in the light most favorable to the prosecution and uphold a judgment of conviction where a rational trier of the facts could have found all of the essential elements of the crime beyond a reasonable doubt *(People v Contes,* 60 NY2d 620). Moreover, great deference must be accorded to the factfinder's opportunity to observe the witnesses and their demeanor and to hear the testimony *(People v Bleakley,* 69 NY2d 490, 495). In that regard, there was ample evidence to support a determination of guilt beyond a reasonable doubt as to both of the counts against defendant.

Under the totality of the circumstances herein, defendant's counsel provided meaningful legal representation *(see, People v Smith,* 59 NY2d 156; *People v Baldi,* 54 NY2d 137). His attorneys made many pretrial motions, several of which were granted, cross-examined witnesses, moved for a trial order of dismissal after both sides had rested and succeeded in persuading the court to consider intoxication and justification in reaching its verdict. Contrary to defendant's apparent belief that the effectiveness of his legal representation rests upon the quantity, rather than the quality, of the cross-examination undertaken by counsel, which he deems to have been insufficient despite the absence of a jury to impress, the fact is that defendant is engaged in nothing more than second guessing every tactical decision made, and questions asked or not asked of witnesses, by his trial attorneys. This is not a basis for setting aside a judgment of conviction *(see, People v Benn,* 68 NY2d 941; *People v Satterfield,* 66 NY2d 796).

We have considered defendant's remaining contentions including those raised in his *pro se* submissions and find them to be without merit. Concur—Sullivan, J. P., Carro, Ellerin and Asch, JJ.