■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RAFAEL MARIA, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROHER RAMIREZ, Respondent. [642 NYS2d 667] —Order, Supreme Court, Bronx County (Dominic R. Massaro, J.), entered December 29, 1994, which granted defendants' omnibus motion challenging, *inter alia*, the sufficiency of the evidence before the Grand Jury to the extent of reducing count two of the indictment, charging the defendants, jointly, with criminal possession of a controlled substance in the fifth degree and count four, charging defendant Maria, individually, with criminal possession of a controlled substance in the first degree to criminal possession of a controlled substance in the seventh degree, unanimously reversed, on the law, defendants' motion denied in all respects, counts two and four of the indictment reinstated, and the matter remanded for further proceedings.

Criminal Term reluctantly reduced the two counts pursuant to *People v Ryan* (82 NY2d 497), which held that in order for a defendant to be convicted of a specific degree of a drug possession crime, proof must be submitted that the defendant knew the weight of the drug he or she possessed. Knowledge is a subjective element and when there is no direct admission of guilt, the evidence must be taken as a whole to determine whether a defendant indeed had the knowledge that he or she possessed a certain amount of cocaine.

Here, the police, with the assistance of a hydraulic ram, executed a search warrant on apartment 56 at 2520 Webb Avenue in the Bronx. Upon entering, the officers saw the defendants run down a hallway and into a bathroom. The officers followed and found them standing next to a toilet, which had just finished flushing. On the toilet rim a white powder could be seen and on the bathroom floor was a plastic bag which appeared to contain cocaine. Tests done on the bag's contents determined that it contained 667 milligrams of cocaine. A search of the living room revealed items commonly used for packaging and processing narcotics. Sets of keys to the apartment, as well as a set of keys to apartment 53, were found on defendant Maria. The arresting officer testified that on the way

to apartment 56 he noticed numerous people running down the stairs and noticed that the door to apartment 53 was open. After he completed execution of the warrant he proceeded to enter apartment 53 through the open door. Inside he found five plastic bags containing almost 15 ounces of cocaine. In addition, two digital scales were found on the dining room table and a loaded 9 millimeter pistol was found on a closet shelf.

Viewing the evidence in a light most favorable to the People, the cocaine found in apartment 56, the drug processing paraphernalia also found there, as well as the inference that defendants flushed cocaine down the toilet and still managed to have 667 milligrams remaining, is certainly sufficient for Grand Jury purposes to demonstrate that they had the requisite knowledge to be charged with fifth degree possession of a controlled substance, i.e., 500 milligrams or more of cocaine (Penal Law § 220.06 [5]).

As to the first degree possession count against defendant Maria, such charge requires knowing possession of an aggregate weight of four ounces or more of a controlled substance (Penal Law § 220.21 [1]). Given that the weight of the drugs found in apartment 53 was so substantial (almost one pound), the handling of the mixture itself can be sufficient evidence that the defendant was aware of its weight. In addition, Maria's possession of the key to the apartment as well as the two digital scales, which are very common among merchants of drugs, indicates that defendant Maria had knowledge of the weight of the drugs he possessed. The evidence need not establish awareness down to the last grain of the precise weight of the drugs. Possession of such a substantial quantity of drugs is evidence that defendant was aware that he possessed at least a third of the amount (approximately five ounces) and thus was sufficient for the Grand Jury to indict (see, People v Sanchez, 86 NY2d 27, 34). Moreover, while Maria neither admitted that he lived nor did business in apartment 53, the evidence, when viewed most favorably to the People, was sufficient to establish for indictment purposes his dominion and control over the premises (see, People v Delacruz, 222 AD2d 302). Concur—Rosenberger, J. P., Wallach, Rubin, Kupferman and Mazzarelli, JJ.