NY2d 606). Bracken, J. P., Copertino, Joy, Florio and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOISES VASQUEZ, Appellant. [648 NYS2d 953] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Sangiorgio, J.), rendered May 10, 1995, convicting him of attempted criminal sale of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Bracken, J. P., Copertino, Joy, Florio and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY WARREN, Appellant. [648 NYS2d 670] —Appeal by the defendant from a judgment of the County Court, Nassau County (Jonas, J., at sentence; Kowtna, J., at trial), rendered June 20, 1994, convicting him of criminal possession of a controlled substance in the first degree, criminal sale of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the third degree (six counts), criminal possession of a controlled substance in the fourth degree (three counts), and criminal possession of a weapon in the third degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reversing the defendant's convictions of criminal possession of a controlled substance in the fourth degree under counts three, six, and nine of the indictment, criminal possession of a controlled substance in the third degree under count eleven of the indictment, and criminal possession of a controlled substance in the first degree under count twelve of the indictment, vacating the sentences imposed thereon, and ordering a new trial with respect to those counts; as so modified the judgment is affirmed.

We agree with the defendant that the trial court erred in refusing to charge that the defendant must know the weight of the controlled substance as an element of the crime of criminal possession of a controlled substance in the first and fourth degrees (Penal Law § 220.21 [1]; § 220.09 [1]). Although unpreserved for appellate review, the court should also have given

such a charge with respect to count eleven alleging criminal possession of a controlled substance in the third degree under Penal Law § 220.16 (12). Because the instant offenses were committed before the Legislature overruled *People v Ryan* (82 NY2d 497) (*see,* L 1995, ch 75, §§ 8, 20), the People were required to prove beyond a reasonable doubt that the defendant had knowledge of both the possession of the substance and its weight.

On August 27, September 11, September 16, and September 23, 1992, the defendant sold cocaine to a confidential informant who was accompanied by an undercover detective. A bag containing over four ounces of cocaine was also found in the defendant's apartment pursuant to a search conducted on September 23, 1992. The evidence at trial established that on each occasion the defendant measured out the amount of cocaine requested by the confidential informant onto a scale in exchange for prerecorded "buy money" ranging from $300 to $1,000. On the date of the last transaction the confidential informant negotiated with the defendant for a lower price for a purported ounce of cocaine. The brown paper bag filled with cocaine found in the defendant's apartment was identified by the undercover detective as the same paper bag from which the defendant had scooped out cocaine earlier that day. Accordingly, the evidence was legally sufficient to establish that the defendant knew, in each instance, that he possessed cocaine in excess of the statutory threshold. Therefore, rather than dismissing the defendant's convictions under counts three, six, nine, eleven, and twelve, we remit for a new trial as to those counts (*see, People v Hill,* 85 NY2d 256).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Altman, Hart and McGinity, JJ., concur.