OPINION OF THE COURT
 

 Smith, J.
 

 The issue on this appeal is whether defendant was denied his constitutional right to counsel on the People’s appeal to the Appellate Division. Although defendant had retained counsel for his trial, he was unrepresented on the People’s appeal. The record does not establish that defendant was adequately apprised by a court of law of his right to appellate counsel and of his right to have counsel appointed for him free of charge if he could not afford one. The Appellate Division should not have proceeded to decide the People’s appeal without a lawyer for defendant or a record basis to conclude that a waiver of counsel had occurred. A Judge of this Court granted defendant leave to appeal from the Appellate Division order. We now reverse and remit the matter to the Appellate Division for a de novo appeal with counsel for defendant presenting his side of the case.
 

 After a jury trial, defendant was convicted of first- degree burglary and robbery. Thereafter, Supreme Court granted defendant’s motion to set aside the verdict of conviction pursuant to CPL 330.30 (1). Finding the evidence insufficient as a matter of law, the trial court concluded that no rational trier of fact could have found defendant guilty beyond a reasonable doubt.
 

 In a colloquy after the court set aside the verdict, the Judge stated: “The People do have a right of appeal. Mr. Garcia must understand that even though I have set aside this conviction,
 
 *45
 
 the prosecution has a right to appeal my decision. A higher Court may disagree with me and if the conviction is reinstated, he must make himself amenable to the process of the Court.” The court then urged trial counsel to “discuss with [defendant] the significance of [a People’s appeal], so that he does not compound his problems by not being available to the Court.” Defendant’s counsel agreed and defendant was released.
 

 The People filed a timely notice of appeal and served a copy of the notice upon defendant and trial counsel. Thereafter, several written exchanges transpired between defendant’s trial counsel and the People, wherein trial counsel informed the People that defendant had not “retained our office for purposes of representing him on this appeal.” Trial counsel sent two letters to defendant’s last-known address referencing a conversation in which he had apparently informed defendant of the consequences of a People’s appeal.
 
 *
 

 On the People’s appeal, the Appellate Division, First Department, noting merely “no appearance for respondent,” unanimously reversed, reinstated the jury verdict, and remanded the case to Supreme Court for sentencing. No appellate brief had been filed with the Appellate Division on behalf of defendant. On remand to Supreme Court, trial counsel appeared on defendant’s behalf after receiving a calendar notice that defendant’s conviction had been reinstated and his case remanded. Moreover, an 18-B Central Screening Committee assigned panel counsel member appeared to render legal services upon learning that defendant was entirely unrepresented at the Appellate Division. When defendant later appeared, the trial court confirmed that defendant was unrepresented at the Appellate Division because he was indigent. The court then stated:
 

 “It is my obligation to advise you if you do not have the money to hire [your trial attorney] to take whatever further action is appropriate, you are entitled under the constitution to have counsel assigned for you free of charge who will take your case to the highest court. * * * I have asked the 18.B Panel, which is the panel that provides assigned counsel to have an attorney here, and * * * the gentleman
 
 *46
 
 standing right next to you is a lawyer from that panel, who if you don’t have the money to retain [your trial counsel] would be able to and would take your case free of charge to the highest court.”
 

 Defendant immediately accepted assigned counsel.
 

 This Court has recognized that a defendant has vital interests at stake on a People’s appeal
 
 (People v Ramos,
 
 85 NY2d 678, 684) and, “ ‘where imprisonment threatens, constitutional guarantees as to counsel must apply’ ”
 
 (People v White,
 
 56 NY2d 110, 116,
 
 quoting People v Letterio,
 
 16 NY2d 307, 316). Moreover, we have acknowledged that on a People’s appeal, a defendant has the right to appellate counsel of defendant’s choice and the right to seek appointment of counsel upon proof of indigency
 
 (People v Ramos, 85
 
 NY2d,
 
 supra,
 
 at 685, citing
 
 People v Vasquez,
 
 70 NY2d 1, 4;
 
 People v Bachert,
 
 69 NY2d 593, 596).
 

 The ultimate duty of informing the defendant of his right to have counsel on appeal rests with the State. In another context, this Court discussed the State’s obligation to a defendant:
 

 “we do not believe that an indigent defendant can lose his right to appeal simply because the State delegates its responsibility to a member of the Bar to pass along the requisite information. The courts are the surrogates of the State’s responsibility in this field. An indigent defendant cannot lose his right to appeal simply because the courts have deputized a lawyer to fulfill the function”
 
 (People v Montgomery,
 
 24 NY2d 130, 133).
 

 Here, the Appellate Division had the obligation to satisfy itself that defendant was represented or had waived counsel as a matter of record. When it was discerned that defendant was unrepresented on appeal, absent record evidence that defendant was informed of his right to counsel and that he waived that right, the Court should not have proceeded to consider and decide the People’s appeal
 
 (see, Swenson v Bosler,
 
 386 US 258, 260). This comports with principles that we have articulated stressing the importance and benefit of having counsel on appeal. In
 
 People v Emmett
 
 (25 NY2d 354, 356), we held that a record on appeal cannot substitute for the meaningful submission of briefs and the single-minded advocacy of an appellate counsel
 
 (see also, People v Casiano,
 
 67 NY2d 906, 907;
 
 People v Gonzalez,
 
 47 NY2d 606, 611;
 
 Evitts v Lucey,
 
 469 US 387, 393).
 

 This record is devoid of documentation or verification that either the trial court or the Appellate Division informed defen
 
 *47
 
 dant of his right to assigned appellate counsel, if warranted by indigency, or instructed him on how to proceed with obtaining appointed counsel, until after the jury verdict was reinstated and his case remanded to Supreme Court. Significantly, defendant accepted assigned counsel immediately after the trial court advised him of his rights and informed him of the procedure by which to obtain counsel, and this appeal then ensued.
 

 Finally, for the future, we note that it would be advisable for the Appellate Divisions to promulgate uniform rules to assure that defendants are informed of the right to counsel on appeal.
 

 Accordingly, the order of the Appellate Division should be reversed and the case remitted to that Court for a de novo appeal.
 

 Chief Judge Kaye and Judges Bellacosa, Ciparick, Wesley and Rosenblatt concur; Judge Levine taking no part.
 

 Order reversed, etc.
 

 *
 

 Although the second letter to defendant from trial counsel dated March 28, 1997 was copied to the Appellate Division prior to the Court’s decision in this case, there is no indication that the letter was made a part of the record on appeal to the Appellate Division.