OPINION OF THE COURT
Frank Torres, J.
It is alleged that on December 3, 1994 the defendant, Rawlee Hoyte, committed the offense of criminal possession of a controlled substance in the first degree, Penal Law § 220.21 (1), and criminal possession of a controlled substance in the third degree, Penal Law § 220.16 (1), in the County of Bronx. He was indicted therefor by a Bronx Grand Jury on January 17, 1995. The defendant was tried and convicted by a jury of criminal possession of a controlled substance in the first degree on August 8, 1996. On October 30, 1996, the defendant was adjudicated a predicate and sentenced to a term of imprisonment of 15 years to life.
On July 30, 1999, pursuant to CPL 440.10 the defendant moved this court to vacate the judgment of conviction on the ground that the defendant’s conviction resulted from a violation of his right to the effective assistance of counsel as guaranteed by the United States and New York Constitutions. In the alternative, the defendant sought an evidentiary hearing on the motion to vacate the judgment on the ground of ineffective counsel.
The defendant alleges that without a strategy reason, defense counsel, Peter A. Cervini, failed to provide the defendant effective assistance of counsel when he neglected to file a *3 pretrial omnibus motion to (1) challenge the legality of the arrest and suppress the contraband in question and defendant’s statement to the police, and (2) inspect the Grand Jury minutes and dismiss the indictment, based on the insufficiency of the evidence before the Grand Jury. The defendant alleges that counsel was also ineffective on two additional grounds, the first being that counsel never objected to the court’s jury charge which omitted the element of defendant’s knowledge of weight of the contraband under People v Ryan (82 NY2d 497 [1993]). Nor did counsel request that the court submit to the jury the lesser included offense of criminal possession of a controlled substance in the second degree.
This court has reviewed the court file, transcripts, motion papers and memoranda, and this court vacates the defendant’s conviction. A new trial is ordered.
On June 16, 1999, the defendant submitted this motion to vacate the judgment pursuant to CPL 440.10 (1) (h). The section states the following:
“1. At any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment upon the ground that * * *
“(h) The judgment was obtained in violation of a right of the defendant under the constitution for this state or of the United States.”
The defendant alleges that the defense counsel, Peter Cervini, failed to accord the defendant effective counsel when, without a valid strategy reason, Mr. Cervini (1) did not file a pretrial omnibus motion to challenge the legality of defendant’s statement to the police; (2) did not file a pretrial omnibus motion to inspect the Grand Jury minutes and dismiss the indictment, based on the insufficiency of the evidence before the Grand Jury; (3) did not object to the court’s jury charge which omitted the element of knowledge of the weight of the drug; and (4) did not request that the court submit to the jury the lesser included offense of criminal possession of a controlled substance in the second degree.
“The right to the effective assistance of counsel is guaranteed by both the Federal and State Constitutions. (US Const, 6th Arndt; NY Const, art I, § 6) * * *
“[The New York Court of Appeals] has not articulated an inflexible standard, applicable to all cases, against which an attorney’s effectiveness will be measured * * *
“[T]rial tactics which terminate unsuccessfully do not automatically indicate ineffectiveness * * * So long as the evi *4 dence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met.” (People v Baldi, 54 NY2d 137, 146-147 [1981] [emphasis added].)
While meaningful representation has never been clearly defined, its characteristics have included, but are not limited to: pursuing a reasonable and clear trial strategy, making appropriate pretrial motions, cross-examining witnesses, moving for a trial order of dismissal, persuading the court to consider defenses, and raising pertinent objections. (See, People v Benevento, 91 NY2d 708; People v Benn, 68 NY2d 941 [1986]; People v Marshall, 193 AD2d 818 [2d Dept 1993]; People v Franklin, 205 AD2d 470 [1st Dept 1994]; People v Daley, 172 AD2d 619 [2d Dept 1991].)
When considering a motion based on ineffective counsel, a court must indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance and the defendant must overcome this presumption that, under the circumstances, counsel’s strategy might be considered sound trial strategy. (Michel v Louisiana, 350 US 91 [1955].) The defendant bears the burden of demonstrating that counsel’s representation was not meaningful. In applying the standard of meaningful representation, counsel’s efforts should not be second-guessed with the clarity of hindsight to determine how the defense might have been more effective. (People v Benevento, 91 NY2d 708 [1998], supra.) All evidence pertaining to the claim of ineffective counsel must be weighed in context and as of the time of complete representation at the trial level for resolving Sixth Amendment violation claims. (People v Flores, 84 NY2d 184 [1994].) The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel’s performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution. (Strickland v Washington, 466 US 668 [1984].)
When applying the principles of Baldi (supra) to the case of People v Hoyte, the facts indicate that the conduct of the defendant’s counsel was unreasonable. The facts also indicate that the defendant suffered sufficient prejudice to warrant setting aside the judgment. Generally, the ineffectiveness of counsel is not demonstrable on the main record, but in this case it is. (See, People v Brown, 45 NY2d 852 [1978].)
*5 During initial proceedings prior to the trial in question, the defense attorney submitted to Justice Alvarado an affirmation of actual engagement and in it stated that he was preparing and would submit pretrial motions to the court no later than May 18, 1995. The court file does not indicate that such motions were made nor the nature of the motions to be made. The current defense counsel, Joanne Légano Ross, argues that the former defense attorney was ineffective in not moving the court pretrial to suppress statements made by the defendant to the police following his arrest. Current counsel claims that the defendant’s arrest was based on the police officer’s “hunch” without reasonable suspicion that the defendant was engaging in any criminal activity. Counsel further alleges that the officer unlawfully seized the defendant, recovered contraband, arrested the defendant and, pursuant to the unlawful arrest, the defendant allegedly made an inculpatory statement to the police. Counsel alleges that both the contraband and defendant’s statements were fruits of an illegal stop and seizure and the evidence would have been suppressed had the attorney made the appropriate motion.
The People argue that if it is highly doubtful that a pretrial suppression motion would have been successful, then counsel’s failure to make the motion is not prejudicial according to Matter of Jermaine B. (180 AD2d 607 [1st Dept 1992]). The People add that the defendant did not have standing to move to suppress the drugs because during the trial the defendant denied ever possessing the drugs.
Case law establishes, under People v De Bour (40 NY2d 210 [1976]), that there are three levels of justifiable police intrusion correlating to the allowable intensity of police conduct to nature and weight of the facet precipitating intrusion. The levels are as follows:
1. The right to approach for the purpose of requesting information. The officer must have some articulable reason sufficient to justify this action.
2. The next and more intense level of intrusion is the officer’s common-law right to inquire. The officer must have a founded suspicion that criminal activity is afoot and the interference can be to the extent necessary, but not including forcible seizure, to obtain an explanation.
3. The final level authorizes a forcible stop and detention of a person. The officer must have a reasonable suspicion that the person has committed, is committing, or is about to commit a felony or misdemeanor. If the officer reasonably suspects *6 himself to be in danger, under CPL 140.50 (3), the officer has the authority to frisk.
In order to determine whether a pretrial suppression motion would have been successful, the court must consider the officer’s actions. It must consider whether the police officer’s action was justified in its inception, and then whether the conduct was reasonably related in scope to the circumstances which rendered its initiation permissible. (People v Santiago, 64 AD2d 355 [1st Dept 1978].)
In the case at bar, People v Hoyte, two officers observed the defendant and another person parked at a bus stop on 170th Street and Sheridan Avenue at mid-day. The uniformed officers pulled the marked car into the bus stop behind the defendant’s car. The officers observed the defendant passenger exit the car and walk toward the corner store. The officers drove around the block and returned to their position behind the defendant’s car. The defendant returned to the car within seconds and was opening the car door when he looked in the direction of the marked car and walked away, reaching into his pants. The defendant was not facing the officers as he walked away reaching into his pants. Officer Urciuoli “jumped out of the car” saying “excuse me” and unholstered his gun. The defendant walked into the Chinese fast-food restaurant and the officer said “let me see your hands” and pulled out his gun. The officer walked into the restaurant three to five feet behind the defendant and the defendant raised his hands tossing an object from his right hand. As the defendant threw the item, the officer put the defendant against the wall. He proceeded to unwrap the object thrown by the defendant and, believing it to be narcotics, he handcuffed the defendant.
The defendant, Rawlee Hoyte, presented a suppression claim that was, at the least, colorable and warranted the court’s attention. The officer’s act of approaching the defendant for questioning because he sat in a car with another person is questionable. A suppression hearing would have established whether the officer had some articulable reason sufficient to justify this initial action. The hearing would have established whether the conduct was as equally consistent with innocent behavior as it was with some criminal activity. (See, People v Santiago, 64 AD2d 355 [1st Dept 1978], supra.)
Having established that the defendant had a colorable suppression claim and counsel did not make a motion on the claim, the next showing in this ineffective counsel claim must be that “there was no legitimate reason for not pursuing these color- *7 able claims.” (See, People v Rivera, 71 NY2d 705, 709 [1988].) The defendant’s former attorney, Mr. Cervini, submitted an affirmation of actual engagement in which he affirmed that motions were being prepared and would be filed no later than May 18, 1995. Such motions were never submitted. According to the current defense counsel’s affirmation in support of motion, a telephone conversation with Mr. Cervini revealed that he made no written applications and thought he made a general oral motion, on no specific grounds, to inspect minutes and dismiss the indictment. There is no legitimate reason for not pursuing the suppression claim and there is merit to the claim of ineffective counsel.
In determining whether the defendant had standing to move to suppress drugs, the court cannot rely upon the defendant’s statement during the trial. On cross-examination the defendant denied possession of the drugs. To deny standing because the defendant denied possession during the trial would be to overlook the fact that the defendant had a claim which would have required a suppression hearing prior to the trial. It would require overlooking the possibility that a suppression hearing might have affected the outcome of the case against the defendant.
The current defense counsel also argues that the former defense attorney, Mr. Cervini, was ineffective as counsel in failing to move the court to inspect and dismiss the indictment based on evidence before the Grand Jury being insufficient to prove the defendant had knowledge of the weight of the drug and, therefore, no charge of criminal possession of a controlled substance in the first degree could be sustained.
The People argue the evidence was sufficient to support a Grand Jury indictment. Following the defendant’s testimony under redirect, prior counsel made a general oral motion to dismiss the indictment and the court denied the motion based on counsel’s general application. However, the general nature of the application distinguishes it from an application to dismiss based on an inability to sustain the weight required for a charge of criminal possession of a controlled substance in the first degree. The following illustrates the application made orally by the prior counsel:
“the court: Okay. Any motions?
“mr. cervini: Yes, Your Honor.
“At the end of the entire case on behalf of the defendant I would move for a trial order of dismissal of each and every *8 count on the indictment on the grounds that the People have failed to present legally sufficient evidence using legal standard of beyond a reasonable doubt to make out each and every necessary element of each of the charges on the indictment nor any lesser included charges thereof.” (Transcript of proceeding, at 328.)
The general motion for dismissal did not present the claim that the evidence did not establish that the defendant had the requisite knowledge, then an element of criminal possession of a controlled substance in the'first degree, that he possessed an aggregate weight of four ounces or more of the cocaine. Between December 16, 1993 and June 10, 1995 People v Ryan (82 NY2d 497 [1993], supra) controlled. The Court of Appeals in Ryan held that (at 502) there was “a mens rea element associated with the weight of the drug.” The Court held that a defendant’s awareness extended not only to the fact of possessing something and the nature of the material possessed, but also to knowing the weight possessed. The Court applied a rule of construction stating that where a term such as “knowingly” appears in a statute defining an offense, it is presumed to apply to every element of the offense. The Court of Appeals held that there was no legislative intent to make the weight of a drug a strict liability element. (Supra, 82 NY2d, at 503.)
On June 10, 1995 legislation was enacted making the weight of a substance a strict liability element. (L 1995, ch 75 [Criminal Possession of a Controlled Substance — Minimum Weight— Knowledge by Defendant].) Ryan (supra) was overruled by the Legislature but because the offense committed by the defendant, Rawlee Hoyte, was committed on December 3, 1994, before Ryan was overruled, the People were required to prove beyond a reasonable doubt that the defendant had knowledge of both the possession of the substance and its weight. (People v Warren, 232 AD2d 589 [2d Dept 1996]; People v Lamont, 227 AD2d 873 [3d Dept 1996]; see, People v Ramirez, 227 AD2d 281 [1st Dept 1996].) Therefore, a specific request to dismiss the indictment for lack of evidence of knowledge of the weight of the cocaine, or to at least reduce the charge to criminal possession of a controlled substance in the second degree, was warranted and this also might have altered the outcome of the case. It certainly would have affected the criteria for appealing on the issue of knowledge since “even where a motion to dismiss for insufficient evidence [is] made, the preservation requirement compels that the argument be ‘specifically directed’ at the alleged error.” (People v Gray, 86 NY2d 10, 19 [1995].)
*9 The third allegation relevant to the charges of ineffective counsel pertains to the former defense counsel not objecting to the court’s charge to the jury having omitted the element of knowledge of the weight of the controlled substance. Current defense counsel argues that the defendant’s knowledge of the weight of the drug was an essential element of criminal possession of a controlled substance in the first degree and the court’s charge allowed the jury to convict the defendant without determining whether that element had been proven.
The People argue that Ryan (supra) did not add a new element to criminal possession of a controlled substance in the first degree, but rather interpreted the meaning of the statutory element.
The People are correct in stating that Ryan (supra) did not add a new element to criminal possession in the first degree. In support of their position the People cite People v Gray (supra). However, in Gray the Court addresses the narrow claim of a Patterson error in trial procedure. The claim in Gray is not substantive in nature but rather that an element of the charge was not given to the jury. The claim of the defendant, Rawlee Hoyte, is that the charge pertaining to the element of knowingly possessing should have specified that the defendant must have known the weight of the drug he possessed was four ounces or more. The defendant, Rawlee Hoyte, does not allege that there should have been an additional element charged to the jury. The defendant alleges that the substance of the charge on the element of knowingly possessing was inadequate and defendant’s counsel did not object to the charge. “Prior to Ryan * * * it was generally accepted by the trial and intermediate appellate courts of this State [that an adequate charge was] * * * that the People had to prove * * * ‘that such cocaine knowingly and unlawfully possessed by the defendant was of an aggregate weight of two or more * * * ounces’ * * * [A charge in such terms had] no suggestion at any point * * * that the scienter requirement of knowledge applied to the weight of the drugs.” (People v Ivey, 204 AD2d 16, 17-18 [1st Dept 1994].) However, Ryan required scienter and while this court might have left its charge undisturbed, believing it was sufficiently explanatory of the element of knowledge, counsel never made the request for the expanded charge which might have been granted and might have changed the outcome of the case.
The fourth and final allegation charges that the former defense counsel did not request that the court submit to the *10 jury the lesser included offense of criminal possession of a controlled substance in the second degree. The defendant alleges that had the request for the lesser included offense been granted and the defendant been convicted of such, the defendant would have received a lesser sentence.
The People argue that defendant’s trial testimony and prior counsel’s summation illustrate an “all-or-nothing strategy” directed toward obtaining no less than an acquittal. The People further argue that wanting no less than an acquittal precludes counsel from requesting the lesser included offense.
Such argument disregards the fact that a defendant who goes to trial desires an acquittal. To state that the quest for an acquittal precludes a defendant from requesting the lesser included offense would be to negate CPL 300.50 (2) which states: “If the court is authorized by subdivision one to submit a lesser included offense and is requested by either party to do so, it must do so” (emphasis added).
Conclusion
After considering the entire set of circumstances involved in this case, this court vacates the judgment against the defendant, Rawlee Hoyte, and orders a new trial.
The court hereby gives the defendant, Rawlee Hoyte, notice, pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 200.40 and People v Garcia (93 NY2d 42), of the following:
“(1) that the people have the right to take an appeal;
“(2) that the defendant has the right to retain counsel to represent him or her on the appeal or to respond to the appeal pro se;
“(3) if the defendant can show no financial ability to pay for the cost of counsel on appeal, the defendant may make application to the appellate court for assignment of counsel to respond to the appeal; and
“(4) that the defendant must provide the court and the defendant’s trial counsel with an address where he or she can be contacted should the people appeal the order of the criminal court.”