Gregory WARREN, Petitioner,

v.

Walter R. KELLY, Superintendent, Attica Correctional Facility.

No. 99–CV–4226 (ADS).

United States District Court, E.D. New York.

June 16, 2002.

---

Gregory Warren, Rome, NY, Petitioner pro se.

Denis Dillon, District Attorney of Nassau County by Andrea DiGregorio, Asst. District Attorney, Mineola, NY, for Respondent.

**MEMORANDUM OF DECISION AND ORDER**

SPATT, District Judge.

Warren Kelly ("Petitioner") seeks a writ of habeas corpus with regard to his 1994 conviction in Nassau County Court for Criminal Possession of a Controlled Substance in the First Degree (N.Y. Penal Law § 220.21(1)), three counts of Criminal Sale of a Controlled Substance in the

Third Degree (N.Y. Penal Law § 220.30(1)), six counts of Criminal Possession of a Controlled Substance in the Third Degree (N.Y. Penal Law § 220.16(1)), three counts of Criminal Possession of a Controlled Substance in the Fourth Degree (N.Y. Penal Law § 220.09(1)), and three counts of Criminal Possession of a Weapon in the Third Degree (N.Y. Penal Law § 265.02(2), (3), (4)).

On four separate occasions in August and September, 1992, the Petitioner sold cocaine from his basement apartment in Hempstead, New York, to police informant Darin Poole. Undercover police officer Laurette Kemp witnessed each transaction and recorded them on audio tape. On September 23, 1992, the day of the final drug sale, police apprehended the Petitioner while he walked his dog outside of his home. Police searched the Petitioner and recovered a loaded 9 mm semi-automatic gun and a key to his apartment.

Upon executing a search warrant for the Petitioner's apartment, police discovered an additional loaded 9 mm semi-automatic pistol, 9.357 ounces of cocaine, sixty dollars in pre-recorded "buy money" that Poole used in the September 23rd sale, $1,458 of additional currency, a triple beam scale, another type of scale, an electronic pager, ammunition, a shotgun, a bulletproof vest, crack vials, and a nightstick.

On April 21, 1994, in County Court, Nassau County (Kowtna, J.), a jury convicted the Petitioner of Criminal Possession of a Controlled Substance in the First Degree, three counts of Criminal Sale of a Controlled Substance in the Third Degree, six counts of Criminal Possession of a Controlled Substance in the Third Degree, three counts of Criminal Possession of a Controlled Substance in the Fourth Degree, and three counts of Criminal Possession of a Weapon in the Third Degree.

On June 20, 1994, the court sentenced the Petitioner to twenty-three years to life for the first degree Criminal Possession of a Controlled Substance conviction (count twelve); eight to twenty-four years for each third degree Criminal Possession of a Controlled Substance conviction (counts two, five, eight, ten, eleven, and thirteen), and for each third degree Criminal Sale of a Controlled Substance conviction (counts one, four, and seven); five to fifteen years for each fourth degree Criminal Possession of a Controlled Substance conviction (counts three, six, and nine); and two to six years for each third degree Criminal Possession of a Weapon conviction (counts fourteen, fifteen and sixteen). The sentences for counts one, two, three and twelve ran concurrently to each other. The sentences for counts four, five, and six ran concurrently to each other but consecutively to counts one, two and three. Counts seven, eight, nine, ten, eleven, thirteen, fourteen, fifteen and sixteen ran concurrently to each other and consecutive to counts four, five, and six.

In January 1996, the Petitioner directly appealed his conviction to the Appellate Division, Second Department, alleging: (1) that the prosecution improperly portrayed him as having a criminal propensity by introducing the shotgun, bullet-proof vest and nightstick, among other items, into evidence; (2) the trial court failed to instruct the jury on whether the Petitioner knew the controlled substance weight; (3) the trial court erred in sentencing the Petitioner without a report pursuant to N.Y.Crim. Proc. Law § 390.30; (4) the trial court erred in considering, during sentencing, that the Petitioner feigned an illness; (5) the evidence did not support the first degree Criminal Possession of a Controlled Substance charge; (6) the trial court erred in allowing the jury to use prepared transcripts of tape recorded conversation; and (7) the sentence was exces-

sive in light of the Petitioner's medical condition and other factors.

On October 21, 1996, the Second Department modified the Petitioner's conviction by reversing his convictions and vacating the sentences for criminal possession of a controlled substance in the fourth degree under counts three, six and nine of the indictment, and criminal possession of a controlled substance in the first degree under count twelve. The Second Department found that the trial court failed to instruct the jury that the Petitioner must know the weight of the controlled substance. The court otherwise affirmed the judgment, finding that the Petitioner's remaining contentions were either without merit or unpreserved for appeal. *See People v. Warren*, 232 A.D.2d 589, 648 N.Y.S.2d 670 (2d Dept.1996). On June 27, 1997, the Court of Appeals denied leave to appeal. *See People v. Warren*, 90 N.Y.2d 865, 661 N.Y.S.2d 192, 683 N.E.2d 1066 (1997).

On July 26, 1999, the Petitioner filed this proceeding for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254. The Petitioner argues that: (1) the trial court's ruling that prevented defense counsel from reviewing grand jury instructions denied his due process rights; (2) the police arrested him without probable cause, and did not have an arrest or search warrant, thus violating his Fourth Amendment rights; (3) the trial court did not have jurisdiction because the indictment was defective; (4) defense counsel was ineffective for allegedly: destroying exculpatory evidence; denying the Petitioner's right to testify; waiving the Petitioner's rights without his consent; and conspiring with the prosecution to suborn perjury; (5) the pre-trial and in-court identifications were tainted; (6) the trial court conspired to violate the Petitioner's rights by: allowing the prosecutor to con-

vict him upon perjured testimony and a defective indictment; preventing the Petitioner from presenting exculpatory evidence; allowing defense counsel to incriminate the Petitioner; and assisting in producing a forged search warrant; (7) prosecutorial misconduct violated the Petitioner's rights; (8) the evidence was insufficient to support the convictions; (9) the State withheld and destroyed exculpatory evidence; (10) appellate counsel was ineffective for failing to raise meritorious claims on appeal; (11) the pre-sentence report was defective; and (12) the trial court imposed an excessive, cruel and unusual sentence.

### DISCUSSION

Respondent moves to dismiss the Petitioner's *habeas* application pursuant to the Anti-terrorism and Effective Death Penalty Act of 1996's ("AEDPA") one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The AEDPA's statute of limitations applies to all convictions that became final after the statute's April 24, 1996 effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The Petitioner's conviction clearly falls within the effective date of the act, and is thus subject to its one-year statute of limitations. *See Williams v. Taylor*, 529 U.S. 420, 429, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000). The AEDPA's one-year statute of limitations begins to run once a conviction becomes "final." *See* 28 U.S.C. § 2244(d)(1)(A). A conviction is "final" for AEDPA purposes once a direct appeal to the respective state's highest court has been completed and the time to seek a writ of certiorari with the United States Supreme Court has expired. *See Williams v. Artuz*, 237 F.3d 147, 150 (2d Cir.2001). A petition for writ of certiorari from the United States Supreme Court must be filed within 90 days after the state criminal judgment became

final. *See Ross v. Artuz,* 150 F.3d 97, 98 (2d Cir.1998).

■ Applying these principles, the Court concludes that the Petitioner failed to timely file his *habeas corpus* petition. The Petitioner's conviction became final on June 27, 1997, when the New York State Court of Appeals denied leave to appeal. Thus, the AEDPA's one-year statute of limitations began to run 90 days thereafter, or on September 27, 1997. Accordingly, the Petitioner had until September 27, 1998 to file his writ of habeas corpus. The instant petition, dated November 11, 1998, docketed on July 26, 1999, is therefore untimely.

■ Although the petition was not filed within AEDPA's one-year period, it could still be timely if the Petitioner is eligible for equitable tolling. The Court may "equitably toll" the statute of limitations when "extraordinary circumstances" prevent a prisoner from timely filing a *habeas* petition. *See Warren v. Garvin,* 219 F.3d 111, 113 (2d Cir.2000). Transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances. *See Asencio v. Senkowski,* 2000 WL 1760908 at *2 n. 4 (S.D.N.Y. Nov.30, 2000) (holding solitary confinement does not qualify as extraordinary circumstance), *citing Hizbullahankhamon v. Walker,* 105 F.Supp.2d 339, 339, 344 (S.D.N.Y.2000); *Montalvo v. Strack,* 2000 WL 718439 at *2 (S.D.N.Y. June 5, 2000) (holding transfers between prison facilities do not merit equitable tolling); *Martinez v. Kuhlmann,* 1999 WL 1565177 at *5 (S.D.N.Y. Dec.3, 1999) (noting various circumstances not eligible for equitable tolling, including lack of English language proficiency and lack of aid in research).

■ The Petitioner argues that he is entitled to equitable tolling because neither the Court of Appeals nor his appellate counsel informed him of his appeal's disposition. Further, he alleges that prison officials confiscated his legal documents on August 3, 1998. While confiscation of legal papers may constitute extraordinary circumstances which could prevent the Petitioner from timely filing his current petition, *see Valverde v. Stinson,* 224 F.3d 129, 133–34 (2d Cir.2000), he does not qualify for tolling because he failed to act diligently subsequent to this alleged confiscation.

Tolling is not automatic upon a showing of extraordinary circumstances. "[T]he party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.2000). To make this showing, the Petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." *Valverde,* 224 F.3d at 134.

According to the Petitioner, the correctional facility administration confiscated his legal file on August 3, 1998. Petitioner's current *habeas* petition is dated November 11, 1998. A question exists whether the Petitioner filed his habeas application on that date, or waited until July 26, 1999, the date stamped on his petition by the Court Clerk's office. Even assuming that the Petitioner filed his petition on the earlier date in November, he waited over three months from the time his papers were allegedly confiscated before filing the instant *habeas* petition. The Petitioner has presented no explanation for the lengthy delays after the alleged confiscation.

■ The Petitioner's claim that he did not know about the disposition of his state appeal is without merit. The Court of

Appeals denied leave to appeal in June 1997, over one year before the Petitioner drafted his federal habeas petition. The Petitioner certainly could have inquired about the status of his appeal during that time, and cannot use his own lack of diligence to toll the statute of limitations. Accordingly, the Court finds that the Petitioner did not act with the reasonable diligence necessary to receive equitable tolling. *Cf. Jimenez v. Walker,* 166 F.Supp.2d 765, 772 (E.D.N.Y.2001) (finding the Petitioner acted with reasonable diligence where he pursued his state court remedies within two weeks after the Court dismissed his petition, and filed his second *habeas* petition six days after the state court denied his post-judgment motions).

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. Pursuant to Fed. R. App. Pro. 22(b) and 28 U.S.C. § 2253(c)(2), a certificate of appealability is denied, as the Petitioner has not made a substantial showing of a denial of a constitutional right, in that the issues involved in this case are not debatable among jurists of reason; that a court could not resolve the issues in a different manner; and the questions involved do not deserve encouragement to proceed further. *See Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090; *Lucidore v. New York State Div. Of Parole,* 209 F.3d 107, 112 (2d Cir.2000).

The Clerk of the Court is directed to close this case.

**SO ORDERED.**