[898 NYS2d 610]

In the Matter of DANIEL M. DONOVAN, JR., Petitioner, v MICHAEL L. PESCE et al., as Justices of the Supreme Court of the State of New York, Respondents.

Second Department, April 6, 2010

## APPEARANCES OF COUNSEL

*Daniel M. Donovan, Jr., District Attorney*, Staten Island (*Morrie I. Kleinbart* of counsel), petitioner pro se.

*Andrew M. Cuomo, Attorney General*, New York City (*Susan Anspach* of counsel), for Michael L. Pesce and others, respondents.

## OPINION OF THE COURT

Per Curiam.

The respondent Troy Williams is the subject of a criminal prosecution pending in the Criminal Court of the City of New York for the County of Richmond. In an order dated September 26, 2008, that court (Sciarrino, Jr., J.) granted Williams's motion to suppress certain identification testimony. The petitioner, the District Attorney of Richmond County, on behalf of the People of the State of New York, perfected an appeal from that order on January 21, 2009. The petition alleges that the District Attorney's appellate brief was served "by mail, both on [Williams's] trial counsel and [on Williams] *pro se.*" The appeal from the order dated September 26, 2008 is currently pending in the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts.

Upon issuing the order dated September 26, 2008, the Criminal Court was required to "promptly advise [Williams], on the record or in writing," of various rights that Williams would have in the event that the People decided to appeal (22 NYCRR 200.40 [a]), including the right to "make application to the appellate court for assignment of counsel" under defined conditions (22 NYCRR 200.40 [a] [3]). It does not appear that the Criminal Court complied with this obligation.

The petition alleges that a representative of the District Attorney, as the result of the confusion of Williams's pending prosecution with another one, mistakenly informed the Criminal Court that the appeal noted above had been withdrawn, prompt-

ing the Criminal Court, on March 30, 2009, to dismiss the prosecution that was then pending against Williams, apparently with the District Attorney's consent. However, in an order dated July 29, 2009, the Criminal Court (Sciarrino, Jr., J.), on the District Attorney's unopposed motion, vacated the order of dismissal and directed the case to proceed to trial on August 17, 2009.

Meanwhile, Williams had failed to file a respondent's brief in connection with the District Attorney's appeal from the order dated September 26, 2008. Accordingly, the respondents Michael L. Pesce, Joseph G. Golia, and Jaime A. Rios, in their capacity as Justices of the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter collectively the Appellate Term Justices), issued an order dated May 7, 2009, in which Williams was advised of various rights that he had as a respondent on the District Attorney's appeal, and directed the District Attorney to serve a copy of the order dated May 7, 2009, "together with a copy of their brief, upon [Williams], by personal delivery of the same to him." The order also stated that unless the defendant, inter alia, responded to the appeal pro se or by retained counsel, "he may be deemed to have waived his right to counsel" on the appeal. In addition, the Appellate Term's order, inter alia, directed the District Attorney to file proof of such service within 20 days of the date of the order and permitted the District Attorney to "make an ex parte application to [the Appellate Term] for an order authorizing alternative methods of service" in the event that the District Attorney was unable, "with due diligence," to make personal service upon Williams" (id.).

Although the District Attorney subsequently discovered that it had been a mistake to consent to the dismissal of the Williams prosecution, and successfully moved to vacate the March 30, 2009 order of dismissal, there is no indication in the record that the District Attorney filed proof of service upon Williams of a copy of the order dated May 7, 2009, or a copy of his appellate brief, or that the District Attorney made any ex parte application to the Appellate Term for permission to make service by another method.

After the prosecution in the Criminal Court was revived by virtue of the order dated July 29, 2009, the District Attorney moved in the Appellate Term to vacate the order dated May 7, 2009, and subsequently commenced the present CPLR article 78 proceeding in this Court, seeking, inter alia, a judgment

"prohibiting enforcement" of the order dated May 7, 2009. The Attorney General has submitted an answer and affidavit in opposition to the petition on behalf of the Appellate Term Justices, arguing that there is no clear right to the relief requested since "there is no statutorily mandated method" by which the Appellate Terms are to assure that a defendant in a criminal case is adequately apprised of his or her rights in the event that the People take an appeal from an order of the Criminal Court.

We agree with the essential points made by the Attorney General and, therefore, conclude that the petition must be denied.

In *People v Ramos* (85 NY2d 678, 681 n 1 [1995], quoting 22 NYCRR former 600.8 [f]), the case upon which the District Attorney primarily relies, the Court of Appeals reviewed the validity of a rule under which the People could perfect an appeal only by "serving a copy of the appellant's [People's] brief upon respondent's appellate attorney or upon the respondent personally." This rule, at least in those cases where the defendant was without appellate counsel, "provid[ed] for an absolute right of personal service of the People's brief" (*id.* at 688). The Court held that this rule was inconsistent with the relevant statutes, since it permitted a criminal defendant who is at liberty effectively to defeat the People's right to appellate review, by evading personal service of the People's brief, thus triggering the eventual dismissal of the People's appeal.

In *People v Garcia* (93 NY2d 42 [1999]), the Supreme Court had granted the defendant's motion to set aside a verdict convicting him of certain crimes and, on the People's appeal, the Appellate Division, First Department, noting that there had been no appearance by the defendant, reversed that order, reinstated the verdict, and remitted for sentencing. The Court of Appeals reversed, concluding that the Appellate Division, First Department, had erred in failing to "satisfy itself that defendant was represented or had waived counsel as a matter of record" (*id.* at 46). The Court stated: "when it was discerned that defendant was unrepresented on appeal, absent record evidence that defendant was informed of his right to counsel and that he waived that right, the [First Department] should not have proceeded to consider and decide the People's appeal" (*id.* at 46, citing *Swenson v Bosler*, 386 US 258, 260 [1967]). The Court emphasized that the record on appeal was "devoid of documentation or verification that either the trial court or the Appellate Division informed defendant of his right to assigned appellate counsel, if warranted by indigency" (*People v Garcia*, 93 NY2d at 46-47).

The terms of the order dated May 7, 2009, reflect nothing more than an effort by the Appellate Term to satisfy itself that Williams, if he was in fact not represented by appellate counsel, "had waived counsel as a matter of record" (*id.* at 46). Obviously, no such waiver could appear "as a matter of record" unless there were proof that the defendant had at least been advised of his appellate rights, including the right to assignment of counsel in the event of his or her indigence. In those cases where there has been no compliance with the terms of 22 NYCRR 200.40, a showing of waiver could most effectively be made by proving that the defendant had been personally served with a document reciting his appellate rights, which is precisely the goal that the Appellate Term's order dated May 7, 2009 was meant to accomplish. However, to avoid the possibility that a defendant's evasion of personal service might defeat the People's right to appeal (*see People v Ramos*, 85 NY2d 678 [1995]), the order of the Appellate Term also permits the People to apply to the court for alternate service in the event that personal service cannot be made with due diligence.

The District Attorney argues that the dictates of *Garcia* may be satisfied by means of a procedure under which the appellate court would mail a statement of the defendant's rights to the defendant at his or her last known address and to the attorney who last represented the defendant in the trial court. The District Attorney asserts that this is the procedure followed in the First Judicial Department. Even assuming that such a procedure would comply with *Garcia,* it is clear to us that the District Attorney is not entitled to a judgment, pursuant to CPLR article 78, compelling the Appellate Term to abandon the procedures that it has adopted in a reasoned response to the dictates of the *Garcia* decision in favor of the less onerous ones that allegedly are followed in the First Judicial Department. Even if the procedure followed by the Appellate Term in this case goes further than required by *Garcia,* we reject the District Attorney's contention that the Appellate Term's approach violates the rule stated in *Ramos.* Unlike the court rule under review in *Ramos,* the order of the Appellate Term in the present case does not "provid[e] for an absolute right of personal service of the People's brief" (*id.* at 688). Rather, the Appellate Term's order allows the People to request that the court direct an alternate method of service if personal service cannot be made with due diligence.

Although the District Attorney correctly observes that the courts, rather than the District Attorney, are primarily

responsible for assuring that the dictates of *Garcia* are followed (*see People v Garcia*, 93 NY2d at 46), this does not mean that it must be an officer in the employ of a court, rather than an officer in the employ of the District Attorney, who must perform ministerial physical acts such as making service upon the defendant. Moreover, contrary to the District Attorney's argument that he "cannot be compelled to effectuate personal service to gain the benefit of [the People's] statutory right to appeal," the Appellate Term's order dated May 7, 2009 does not compel the District Attorney to "effectuate personal service." It directs only that the District Attorney make diligent efforts to accomplish such service, and it offers an alternative course of action in the event that, despite such efforts, personal service cannot be made.

The District Attorney's remaining contentions are without merit.

Accordingly, the petition is denied and the proceeding is dismissed on the merits.

PRUDENTI, P.J., MASTRO, RIVERA and SKELOS, JJ., concur.

Adjudged that the petition is denied and the proceeding is dismissed on the merits, with costs.