■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD LEE, Appellant. [601 NYS2d 20] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered May 13, 1991, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fourth degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the defendant's conviction of criminal possession of a controlled substance in the seventh degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Inasmuch as both the criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree convictions were based upon the defendant's sale and possession of the same vial of crack cocaine, criminal possession of a controlled substance in the seventh degree was an inclusory concurrent offense,

which, under the circumstances, should be dismissed pursuant to CPL 300.40 (3) (b) *(see, People v Grier,* 37 NY2d 847; *People v Butler,* 192 AD2d 543; *People v Gamble,* 182 AD2d 638; *People v Velez,* 150 AD2d 514).

However, we disagree with the defendant's contention that his conviction of criminal possession of a controlled substance in the fourth degree should be reversed, and that count of the indictment dismissed as a lesser inclusory concurrent count of the criminal possession of a controlled substance in the third degree. The defendant's possession of the 69 vials of crack cocaine formed the basis for the criminal possession of a controlled substance in the third degree charge contained in count four of the indictment, as well as the criminal possession of a controlled substance in the fourth degree charge contained in count five. However, the criminal possession of a controlled substance in the third degree count has no weight requirement, but requires an "intent to sell". On the other hand, the criminal possession of a controlled substance in the fourth degree charge has no intent to sell requirement, but contains a weight requirement. Thus, it is possible to commit one offense without concomitantly committing the other *(see, People v Wheeler,* 67 NY2d 960; *People v Glover,* 57 NY2d 61; *People v Moyer,* 27 NY2d 252; *People v Chapman,* 60 AD2d 584), and criminal possession of a controlled substance in the fourth degree is not a lesser included offense of criminal possession of a controlled substance in the third degree.

We find that the sentence imposed on the defendant was not excessive *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Balletta, Ritter and Santucci, JJ., concur.