THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MARVIN FORSYTHE, Respondent. [798 NYS2d 645]—

Appeal from an order of the Oneida County Court (Michael L. Dwyer, J.), entered April 6, 2005. The order granted that part of defendant's motion to dismiss the indictment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law, that part of the motion to dismiss the indictment is denied, the indictment is reinstated and the matter is remitted to Oneida County Court for further proceedings on the indictment.

Memorandum: The People appeal from an order granting that part of defendant's motion to dismiss the indictment. We agree with the People that County Court erred in determining, based upon its review of the grand jury minutes, that the evidence is legally insufficient to support either count of the indictment, i.e., criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]).

We note at the outset the well-settled principle that, on a motion to dismiss an indictment, "[t]he sufficiency of the People's presentation is properly determined by inquiring whether the evidence viewed in the light most favorable to the People, if

unexplained and uncontradicted, would warrant conviction by a petit jury" (*People v Jennings*, 69 NY2d 103, 114 [1986]). The People must present "evidence legally sufficient to establish a prima facie case, including all the elements of the crime, and reasonable cause to believe that the accused committed the offense to be charged" (*People v Jensen*, 86 NY2d 248, 251-252 [1995]; *see* CPL 190.65 [1]; *People v Galatro*, 84 NY2d 160, 164 [1994]; *Jennings*, 69 NY2d at 115). The fact that the evidence presented to a grand jury "is also susceptible of inferences of innocence is irrelevant, 'as long as the [g]rand [j]ury could rationally have drawn the guilty inference' " (*Jensen*, 86 NY2d at 252, quoting *People v Deegan*, 69 NY2d 976, 979 [1987]).

We agree with the People that the court erred in determining that the evidence presented to the grand jury was legally insufficient to establish defendant's constructive possession of the cocaine at issue. "[T]o support a charge that a defendant was in constructive possession of tangible property, the People must show that the defendant exercised 'dominion or control' over the property by a sufficient level of control over the area in which the contraband is found or over the person from whom the contraband is seized" (*People v Manini*, 79 NY2d 561, 573 [1992]). Here, the People presented evidence that defendant exercised the requisite control over the package containing the cocaine, the residence to which that package was delivered or the woman to whose residence the package was delivered. Although someone other than defendant made arrangements to have Christmas gifts, including the package at issue herein, delivered to a residence that defendant did not own, rent or control, the People presented evidence to the grand jury that, one hour prior to delivery, defendant went to that address to ascertain whether the package had been delivered. Additionally, defendant was seen approximately one block from that address shortly before the package was delivered. Moreover, the telephone number set forth on the label of the package was the telephone number of the cellular telephone found on defendant's person.

We further agree with the People that the court erred in determining that the evidence presented to the grand jury was legally insufficient to establish defendant's liability as an accessory. " 'The key to understanding accessorial liability is that whether one is the actual perpetrator of the offense or an accomplice is, with respect to criminal liability for the offense, irrelevant' " (*People v Rivera*, 84 NY2d 766, 771 [1995]). We agree with the People that the evidence before the grand jury was legally sufficient to establish that defendant aided the woman to

whose residence the package was delivered in possessing the cocaine. The evidence that defendant anticipated the delivery and possessed a cellular telephone with the identical telephone number as that set forth on the package at least tends to establish accessorial liability on his part based on that woman's receipt of the cocaine.

Finally, we agree with the People that the court erred in determining that the instructions to the grand jury were fatally flawed based on the instruction that the woman to whose residence the package was delivered was an accomplice as a matter of law for corroboration purposes. It is axiomatic that a defendant may not be convicted solely upon the testimony of an accomplice and that corroboration of such testimony is required (*see* CPL 60.22 [1]). "An 'accomplice' means a witness in a criminal action who, according to evidence adduced in such action, may reasonably be considered to have participated in . . . the offense charged[ ] or . . . [a]n offense based upon the same or some of the same facts or conduct which constitute the offense charged" (CPL 60.22 [2] [a], [b]). "A witness is an accomplice as a matter of law . . . if the jury could reasonably reach no other conclusion but that he [or she] participated in the offense charged or an offense based upon the same or some of the same . . . conduct which constitute[s] the offense charged" (*People v Besser*, 96 NY2d 136, 147 [2001]; *see People v Berger*, 52 NY2d 214, 219 [1981]). Here, the People presented evidence that the woman to whose home the package was delivered was pleading guilty to criminal facilitation based upon the same or some of the same facts or conduct underlying the charges against defendant (*see Besser*, 96 NY2d at 147), and thus the People properly instructed the grand jury that she was an accomplice as a matter of law. Present—Pigott, Jr., P.J., Kehoe, Smith, Lawton and Hayes, JJ.