■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN FORSYTHE, Appellant. [873 NYS2d 417]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered December 20, 2005. The judgment convicted defendant, upon a jury verdict, of attempted criminal possession of a controlled substance in the first degree and attempted criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted criminal possession of a controlled substance in the first degree (Penal Law §§ 110.00, 220.21 [1]) and attempted criminal possession of a controlled substance in the third degree (§§ 110.00, 220.16 [1]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to establish his constructive possession of the controlled substance, his intent to commit the crimes, or his attempt to do so (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, his contention is without merit. With re-

spect to constructive possession, the People were required to "show that the defendant exercised 'dominion or control' over the property by a sufficient level of control over the area in which the contraband [was] found or over the person from whom the contraband [was] seized" (*People v Manini*, 79 NY2d 561, 573 [1992]). Here, the People presented evidence that defendant went to an apartment at approximately 10:30 A.M. looking for a package that was supposed to be delivered by the United Parcel Service (UPS). Shortly thereafter, UPS received calls inquiring about why the package, which had an incorrect address, was not delivered. When UPS called the telephone number listed on the package, the man who answered the telephone gave the correct address. UPS then informed the man that the package would be delivered, and the police, who were aware that the package contained cocaine, arranged a controlled delivery to that location. Shortly before the package was delivered, the police observed defendant in the area of the address where the package was to be delivered, pacing back and forth. After the package was delivered, defendant was located nearby, and the telephone number of one of the cellular telephones in his possession was the telephone number listed on the package. That evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), is legally sufficient to establish that defendant had the requisite control over the package and the location where it was delivered (*see People v Johnson*, 54 AD3d 969, 970-971 [2008]).

The evidence is also legally sufficient to establish that defendant intended to possess the cocaine and to sell it (*see People v Hawkins*, 45 AD3d 989, 991 [2007], *lv denied* 9 NY3d 1034 [2008]; *People v Robinson*, 26 AD3d 202 [2006], *lv denied* 7 NY3d 762 [2006]), and that he attempted to commit the crimes. "In order to constitute an attempt, the defendant's 'conduct must have passed the stage of mere intent or preparation to commit a crime' " (*People v Naradzay*, 11 NY3d 460, 466 [2008], quoting *People v Mahboubian*, 74 NY2d 174, 189 [1989]). The "defendant must have 'engaged in conduct that came "dangerously near" commission of the completed crime' " (*id.* at 466, quoting *People v Kassebaum*, 95 NY2d 611, 618 [2001], *cert denied* 532 US 1069 [2001], *rearg denied* 96 NY2d 854 [2001]). Here, defendant's conduct came dangerously near possession of the cocaine. Indeed, defendant did not come into possession of the cocaine solely because the police intercepted the package before he could do so (*see People v Bens*, 5 AD3d 391, 391-392 [2004], *lv denied* 2 NY3d 796 [2004]).

County Court properly denied defendant's request for a

circumstantial evidence charge inasmuch as there was direct evidence of defendant's constructive possession of the cocaine (*see People v Moni*, 13 AD3d 262, 262-263 [2004], *lv denied* 4 NY3d 833 [2005]; *cf. People v Brian*, 84 NY2d 887, 889 [1994]; *see generally People v Daddona*, 81 NY2d 990, 992 [1993]). The court also properly charged the lesser included offense of attempted criminal possession of a controlled substance in the first degree because there was a reasonable view of the evidence to support that charge (*see People v Rosica*, 199 AD2d 773, 774-775 [1993], *lv denied* 83 NY2d 876 [1994]; *see generally People v Glover*, 57 NY2d 61, 63 [1982]). Defendant failed to preserve for our review his contention in his pro se supplemental brief that the first prong of *Glover* was not met, i.e., that the offense was not of lesser grade or degree (*see* CPL 470.05 [2]). In any event, that contention is without merit. CPL 1.20 (37), which defines the term lesser included offense, provides in relevant part that, "[i]n any case in which it is legally possible to attempt to commit a crime, an attempt to commit such crime constitutes a lesser included offense with respect thereto." "[T]he first prong of the *Glover* test [thus] is irrelevant" in this case (*People v Shreve*, 167 AD2d 698, 699 [1990]).

Defendant further contends that the prosecutor engaged in prosecutorial misconduct by making improper references to him and that the court's failure to give proper curative instructions denied him a fair trial. Defendant failed to object to most of the allegedly improper comments and, when defense counsel made an objection, the court issued a curative instruction that the jury is presumed to have followed (*see People v Rivera*, 281 AD2d 927, 928 [2001], *lv denied* 96 NY2d 906 [2001]). We decline to exercise our power to address as a matter of discretion in the interest of justice the remainder of the allegedly improper comments to which defendant failed to object (*see People v Hall*, 53 AD3d 1080, 1083 [2008], *lv denied* 11 NY3d 855 [2008]). The further contention of defendant that he was denied effective assistance of counsel on the People's interlocutory appeal is based on matters outside the record and thus must be pursued by way of a motion pursuant to CPL article 440 (*see People v Keith*, 23 AD3d 1133, 1134-1135 [2005], *lv denied* 6 NY3d 815 [2006]). In his pro se supplemental brief, defendant also contends that defense counsel was ineffective in failing to make a specific trial order of dismissal motion and in failing to object to the People's request to charge a lesser included offense on other grounds. That motion and objection would have been unsuccessful, and thus it cannot be said that defense counsel was thereby ineffective (*see People v McDuffie*, 46 AD3d 1385, 1386 [2007], *lv denied* 10 NY3d 867 [2008]; *People v Rivera*, 45 AD3d 1487, 1488

[2007], *lv denied* 9 NY3d 1038 [2008]; *People v Ayala*, 27 AD3d 1087, 1088-1089 [2006], *lv denied* 6 NY3d 892 [2006]).

We have considered the remaining contentions of defendant in his main and pro se supplemental briefs and conclude that they are without merit. Present—Smith, J.P., Centra, Fahey, Green and Pine, JJ.