THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELISSA J. ALVERSON, Appellant. [913 NYS2d 458]—

Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered October 9, 2008. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and endangering the welfare of a child (four counts).

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence to a determinate term of imprisonment of three years and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]). Defendant contends that County Court erred in failing to charge criminal possession of a controlled substance in the fourth degree as a lesser included offense of criminal possession of a controlled substance in the third degree. That contention is not preserved for our review because defendant failed to request such a charge (*see People v Buckley*, 75 NY2d 843, 846 [1990]). In any event, defendant's contention lacks merit inasmuch as criminal possession of a controlled substance in the fourth degree pursuant to Penal Law § 220.09 (1) contains an element based on the weight of the drugs possessed by defendant that is not an element of criminal possession of a controlled substance in the third degree pursuant to section 220.16 (1) (*see People v Lee*, 196 AD2d 509 [1993], *lv denied* 82 NY2d 851 [1993]).

Defendant also failed to preserve for our review her contention that the court erred in charging the jury with respect to the drug factory presumption pursuant to Penal Law § 220.25

(2), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject the further contention of defendant that the evidence is legally insufficient to establish her possession of the cocaine found in her apartment by the police during the execution of a search warrant (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). A large bag containing 36 smaller bags of cocaine was found on the dresser in defendant's bedroom, and a neighbor testified that he purchased cocaine at the residence from defendant, as well as from her boyfriend. In addition, defendant was on the front porch of the apartment when the police executed the warrant, and she acknowledged that she resided in the apartment. Thus, even without taking into consideration the drug factory presumption, we conclude that the People established that "defendant exercised 'dominion or control' over the property by a sufficient level of control over the area in which the [drugs were] found" (*People v Manini*, 79 NY2d 561, 573 [1992]; *see People v Forsythe*, 59 AD3d 1121, 1121-1122 [2009], *lv denied* 12 NY3d 816 [2009]).

Contrary to the contention of defendant, the evidence is legally sufficient to establish her intent to sell the drugs (*see generally Bleakley*, 69 NY2d at 495). Defendant's further contention that the evidence is legally insufficient to support the conviction of four counts of endangering the welfare of a child (Penal Law § 260.10 [1]) is not preserved for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We agree with defendant, however, that the sentence of a five-year term of imprisonment is unduly harsh and severe. It is true, as the People point out, that defendant allowed cocaine to be sold out of her apartment, where she lived with her four young children, and she refused to accept responsibility for her actions. Nevertheless, defendant had no criminal record and, prior to trial, she was offered the opportunity to plead guilty to attempted criminal possession of a controlled substance in the third degree in exchange for a sentence promise of shock probation. Also, as the People correctly conceded at sentencing, defendant was less culpable than her boyfriend, who was the primary target of the drug investigation. Defendant's boyfriend pleaded guilty to a felony drug charge and was sentenced to a term of imprisonment of three years. Thus, as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]), we

modify the judgment by reducing the sentence to a determinate term of imprisonment of three years. Present—Martoche, J.P., Centra, Fahey, Lindley and Sconiers, JJ.