■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC A. KNOX JR., Appellant. [915 NYS2d 673]—

McCarthy, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered May 15, 2009, (1) upon a verdict convicting defendant of the crime of criminal possession of a weapon in the second degree, and (2) convicting defendant upon his plea of guilty of the crime of rape in the second degree.

While defendant was at a motel, a female friend saw him with a handgun inside his room. She reported this to the police, who obtained a search warrant and retrieved the gun from a drawer in the room. Defendant was indicted for criminal possession of a weapon in the second degree. Due to an unrelated situation

where defendant had sexual contact with a 14-year-old girl, a grand jury handed up a separate four-count indictment.

At a trial on the first indictment, the jury found defendant guilty of the sole charge. He then pleaded guilty to rape in the second degree in satisfaction of the second indictment, with an agreed-upon sentence that would run concurrently with his sentence on the first indictment. Defendant was thereafter sentenced to an aggregate prison term of eight years with five years of postrelease supervision, and he now appeals.

The evidence at trial was legally sufficient and the jury's verdict was not against the weight of the evidence. Forensic reports proved that the weapon was operable and defendant's DNA was present on the gun. A police officer who executed the search warrant testified that the gun, which was loaded, was located in a drawer in defendant's room. A motel employee testified and produced a receipt showing that defendant checked in to the room that day and paid for one night. The female friend testified that while in the room with defendant, he pulled the gun out of his waistband, showed it to her, then put it in a drawer. The People also introduced taped telephone conversations in which defendant expressed surprise that his fingerprints were not found on the weapon, and he discussed who was aware that he had a weapon and could have turned him in to the police. This evidence was legally sufficient to support the charge (*see* Penal Law § 265.03 [3]).

Defendant testified that a male friend was in the motel room with him and the female friend and this other male—not defendant—removed the gun from his waistband. Defendant admitted that he handled the gun and that he put the gun in the drawer only because he refused to allow the male friend to travel in his car with the gun; the friend was leaving the gun there temporarily and would retrieve it later. A forensic report showed that defendant's fingerprints were not on the gun and the only viable fingerprint belonged to his male friend. Defendant presented proof that he was evicted from his grandmother's house, spent one night in his car, two nights in a motel, and then registered for one night in the motel where the gun was found. He testified that he planned to stay in this motel for more than one night, considered it his home at the time, and initially registered for one night only because he did not then have a credit card or enough money to register for multiple nights. He also testified, however, that he intended to apply for housing assistance at the local social services agency that day. Considering this proof, and giving deference to the jury's credibility determinations (*see People v Heaney*, 75 AD3d 836, 837

[2010], *lv denied* 15 NY3d 852 [2010]), the weight of the evidence supports the findings that defendant possessed a loaded and operable weapon in a place that—due to the transient nature of his stay—was not his home or business (*see People v Brown*, 115 AD2d 791, 793 [1985], *lv denied* 67 NY2d 880 [1986]).

Defendant's plea to the rape charge was voluntary. Because "the duty to register as a sex offender is a collateral consequence" of a guilty plea, County Court was not required to advise defendant of that consequence, and the failure to so inform him did not render his plea involuntary (*People v Wright*, 53 AD3d 963, 963 [2008], *lv denied* 11 NY3d 710 [2008]; *see People v Coss*, 19 AD3d 943, 943 [2005], *lv denied* 5 NY3d 805 [2005]).

Defendant received the effective assistance of counsel. Contrary to defendant's pro se arguments, counsel made pretrial motions. Although County Court denied the motion to suppress the gun or even hold a hearing on that issue, and granted the motion for DNA testing despite counsel's objection, counsel fulfilled his duty in that regard. Counsel successfully moved to preclude defendant's statements to the police due to the People's failure to serve a timely CPL 710.30 notice. His stipulation to admission of the forensic reports, without requiring live testimony from the fingerprint expert, DNA tester or firearms examiner, could be seen as part of a valid strategy to avoid dwelling on facts that would almost certainly be established and instead maintain his focus on the hotly contested elements of possession and the applicability of the home exception (*see People v Young*, 35 AD3d 958, 961 [2006], *lv denied* 8 NY3d 929 [2007]; *People v Rodriguez*, 186 AD2d 838, 838 [1992], *lv denied* 81 NY2d 765 [1992]). Although the defense was unsuccessful, we will not second-guess that reasonable strategy (*see People v McCall*, 75 AD3d 999, 1002 [2010], *lv denied* 15 NY3d 894 [2010]). Counsel successfully objected to the scope of the People's rebuttal witnesses, resulting in the limitation of such testimony. He also aggressively cross-examined the key prosecution witness and provided a cogent closing argument. Considering counsel's representation as a whole, defendant received effective assistance (*see People v Henry*, 95 NY2d 563, 565 [2000]).

Defendant's remaining contentions have been reviewed and are lacking in merit.

Cardona, P.J., Spain, Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.