# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

368

KA 10-01359

PRESENT: SCUDDER, P.J., SMITH, CENTRA, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MARVIN FORSYTHE, DEFENDANT-APPELLANT.

---

CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.

MARVIN FORSYTHE, DEFENDANT-APPELLANT PRO SE.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Oneida County Court (Michael L. Dwyer, J.), dated May 3, 2010. The order denied the motion of defendant pursuant to CPL 440.10.

It is hereby ORDERED that said appeal is unanimously converted to a motion for a writ of error coram nobis, the motion is granted in accordance with the following Memorandum and the matter is remitted to Oneida County Court for proceedings pursuant to CPL 470.45: After defendant was charged with criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]), County Court granted that part of defendant's motion to dismiss the indictment charging him with those crimes. The People appealed, and we reversed the order and reinstated the indictment (*People v Forsythe*, 20 AD3d 936). Defendant had been represented by retained counsel during the proceedings in County Court, and the People's notice of appeal was served on defense counsel. Defense counsel sent a letter to the People requesting the grand jury minutes, but she did not file a brief in opposition to the People's appeal before this Court, nor does the record reflect that she otherwise made any appearance before this Court.

After we reinstated the indictment, defendant was convicted upon a jury verdict of attempted criminal possession of a controlled substance in the first degree (Penal Law §§ 110.00, 220.21 [1]) and attempted criminal possession of a controlled substance in the third degree (§§ 110.00, 220.16 [1]). Defendant appealed, and we affirmed (*People v Forsythe*, 59 AD3d 1121, *lv denied* 12 NY3d 816). After we denied defendant's motion for a writ of error coram nobis (*People v Forsythe*, 46 AD3d 1476, *lv denied* 10 NY3d 934), defendant moved to

vacate the judgment pursuant to CPL 440.10 on the ground that he was denied his right to counsel or his right to effective assistance of counsel on the People's interlocutory appeal from the order in *Forsythe* (20 AD3d 936).  The court denied the motion, and we granted defendant permission to appeal.

A claim of ineffective assistance of appellate counsel must be raised in an error coram nobis proceeding (*see People v Bachert*, 69 NY2d 593, 595-596; *People v Smith*, 78 AD3d 1583, 1584).  We convert defendant's appeal from the order denying his CPL 440.10 motion to a motion for a writ of error coram nobis (*see People v Angulo*, 140 AD2d 209, *lv dismissed* 72 NY2d 855), and we grant the motion.

"It is well settled that criminal defendants are entitled under both the Federal and State Constitutions to effective assistance of appellate counsel" (*People v Borrell*, 12 NY3d 365, 368).  In addition, "defendants have important interests at stake on a People's appeal" (*People v Ramos*, 85 NY2d 678, 684).  "Given the consequences of a reversal and the possible resumption of criminal proceedings, the defendant certainly has an interest in being informed that the People's appeal is pending and continuing" (*id.* at 684-685).  "Moreover, . . . other rights requiring protection upon the People's appeal include the right to appellate counsel of the defendant's own choice, the right to appear [pro se] on the appeal, and the right to seek appointment of counsel upon proof of indigency" (*id.* at 685).  However, due process does not require that a defendant be personally served with the People's appellate briefs (*see id.* at 681).

There is no showing on this record that the court upon dismissing the indictment complied with 22 NYCRR 200.40 (a) (1) through (3) by advising defendant that the People had the right to take an appeal; that defendant had the right to counsel on the appeal or to appear pro se; and that defendant had the right to assigned counsel on the appeal if he was financially unable to retain counsel (*see Matter of Donovan v Pesce*, 73 AD3d 137, 138, *lv denied* 15 NY3d 702).  Nor is there any showing that the People or defense counsel advised defendant of those rights.  The record establishes that the court issued its ruling dismissing the indictment to the prosecutor and defense counsel on April 6, 2005, and that the People filed their notice of appeal on April 7, 2005.  According to defendant, defense counsel visited him in jail before the People filed their notice of appeal and apprised him of the court's ruling.  Although the indictment was dismissed, defendant continued to be held on a violation of parole.  Indeed, while defendant averred that defense counsel advised him that the People could potentially appeal from the order, he was never advised by defense counsel that he had "the right to counsel - - court appointed or retained - - [or] the right to proceed <u>pro se</u>" on the appeal.

Moreover, this Court failed to ascertain whether defendant was represented or had waived counsel on the People's appeal (*see People v Garcia*, 93 NY2d 42, 44).  "When it was discerned that defendant was unrepresented on appeal, absent record evidence that defendant was informed of his right to counsel and that he waived that right, [this]

Court should not have proceeded to consider and decide the People's appeal" (*id.* at 46).  The People contend that *Garcia* is distinguishable from this case because here it appeared to the People that defendant was represented by counsel, inasmuch as defense counsel informed the People that she had received the People's brief and requested the grand jury minutes.  However, as previously noted, our records do not reflect that defense counsel made any appearance on behalf of defendant on the People's appeal.  In addition, there is no showing that defendant was informed of his right to representation on the appeal or to appear pro se.

Therefore, the orders of this Court entered July 1, 2005 (*Forsythe*, 20 AD3d 936) and February 11, 2009 (*Forsythe*, 59 AD3d 1121) are vacated, the judgment of conviction is vacated, and this Court will consider the People's appeal de novo.  The People shall perfect the appeal on or before July 25, 2013.

Entered:  April 26, 2013                        Frances E. Cafarell
                                                Clerk of the Court