# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

359

KA 05-00889

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                          MEMORANDUM AND ORDER

MARVIN FORSYTHE, DEFENDANT-RESPONDENT.

---

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR APPELLANT.

CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Oneida County Court (Michael L. Dwyer, J.), dated April 6, 2005. The order granted that part of defendant's motion seeking to dismiss the indictment.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, that part of the motion seeking to dismiss the indictment is denied, the indictment is reinstated and the matter is remitted to Oneida County Court for further proceedings on the indictment.

Memorandum: After defendant was charged with criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]), County Court granted that part of defendant's motion seeking to dismiss the indictment charging him with those crimes. The People appealed, and we reversed the order and reinstated the indictment (*People v Forsythe*, 20 AD3d 936). After a jury trial, defendant was convicted of attempted criminal possession of a controlled substance in the first degree (§§ 110.00, 220.21 [1]) and attempted criminal possession of a controlled substance in the third degree (§§ 110.00, 220.16 [1]). We affirmed the judgment on direct appeal (*People v Forsythe*, 59 AD3d 1121, *lv denied* 12 NY3d 816). Defendant moved to vacate the judgment pursuant to CPL 440.10 on the ground that he was denied his right to counsel or his right to effective assistance of counsel on the People's interlocutory appeal from the order in *Forsythe* (20 AD3d 936). The court denied the motion, and we granted defendant permission to appeal. We converted defendant's appeal from the order denying his CPL 440.10 motion to a motion for a writ of error coram nobis, and granted the motion (*People v Forsythe*, 105 AD3d 1430, 1431). We therefore vacated the orders of this Court entered July 1, 2005 (*Forsythe*, 20 AD3d 936) and February 11, 2009 (*Forsythe*, 59 AD3d 1121), and we vacated the judgment of conviction. We now consider the People's appeal de novo.

We agree with the People that the court erred in concluding that there was legally insufficient evidence before the grand jury to permit the inference that defendant constructively possessed the drugs.  On a motion to dismiss the indictment pursuant to CPL 210.20 (1) (b), "the inquiry of the reviewing court is limited to the legal sufficiency of the evidence; the court may not examine the adequacy of the proof to establish reasonable cause" (*People v Jennings*, 69 NY2d 103, 115; *see People v Reyes*, 75 NY2d 590, 593).  The "reviewing court must consider 'whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury' " (*People v Bello*, 92 NY2d 523, 525; *see People v Mikusziewski*, 73 NY2d 407, 411; *Jennings*, 69 NY2d at 115).  In the context of grand jury proceedings, "legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt" (*Bello*, 92 NY2d at 526).  Thus, we must determine " 'whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes,' and whether 'the [g]rand [j]ury could rationally have drawn the guilty inference' " (*id.*).

With respect to constructive possession, "the People must show that the defendant exercised 'dominion or control' over the property by a sufficient level of control over the area in which the contraband is found or over the person from whom the contraband is seized" (*People v Manini*, 79 NY2d 561, 573).  The People may establish constructive possession through circumstantial evidence (*see People v Torres*, 68 NY2d 677, 678-679).

The People presented evidence before the grand jury that a package containing cocaine was opened by an employee of the United Parcel Service (UPS) upon determining that the address listed on the package did not exist.  The police were called, and they seized the package.  Later, a customer called UPS looking for the package and gave the correct address.  The police delivered the package to that address and arrested a woman who resided at that address and signed for the package.  The police also arrested defendant, who was observed "hanging around the front of the house" before and after the delivery.  We conclude that the evidence before the grand jury was legally sufficient to establish that defendant exercised dominion and control over the woman who signed for the package or over the package containing cocaine.  The People presented evidence that defendant went to the house earlier that morning looking for the package.  In addition, the telephone number listed on the package and given by the customer who called UPS looking for the package was the telephone number of one of the cellular telephones found on defendant's person at the time of his arrest.

We further agree with the People that the court erred in determining that the integrity of the grand jury proceeding was impaired when the People instructed the jurors that the woman who signed for the package was an accomplice as a matter of law.  Dismissal of an indictment pursuant to CPL 210.20 (1) (c) is warranted "only where a defect in the indictment created a possibility of prejudice" (*People v Huston*, 88 NY2d 400, 409; *see* CPL 210.35 [5]).

It is "limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the [g]rand [j]ury" (*Huston*, 88 NY2d at 409). Accomplice testimony must be supported by corroborative evidence (*see* CPL 60.22 [1]). An accomplice "means a witness in a criminal action who, according to evidence adduced in such action, may reasonably be considered to have participated in . . . [t]he offense charged; or . . . [a]n offense based upon the same or some of the same facts or conduct which constitute the offense charged" (CPL 60.22 [2] [a], [b]; *see People v Besser*, 96 NY2d 136, 147; *People v Berger*, 52 NY2d 214, 219). Here, the People presented evidence that the woman who signed for the package agreed to plead guilty to criminal facilitation in the fourth degree (Penal Law § 115.00 [1]), and to cooperate with the police, and we therefore agree with the People that the woman was an accomplice as a matter of law (*see Besser*, 96 NY2d at 147). Moreover, even assuming, arguendo, that the woman was not an accomplice as a matter of law, we cannot agree with the court that the error in so instructing the jury prejudiced the ultimate decision reached by the grand jury.

Entered: March 28, 2014                          Frances E. Cafarell
                                                  Clerk of the Court