# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

959

KA 12-01347

PRESENT: SMITH, J.P., FAHEY, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

WILLIAM ALLEN, ALSO KNOWN AS SEAN GILMORE,
DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered July 17, 2012. The judgment convicted defendant, upon a jury verdict, of rape in the first degree, sexual abuse in the first degree and rape in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of rape in the first degree (Penal Law § 130.35 [1]), sexual abuse in the first degree (§ 130.65 [1]), and rape in the third degree (§ 130.25 [3]). Viewing the evidence in light of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495). "[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]) and "[w]here, as here, the defendant's challenge is focused upon the credibility of the witnesses, we [must] accord 'great deference to the resolution of credibility issues by the trier of fact because those who see and hear the witnesses can assess their credibility and reliability in a manner that is far superior to that of reviewing judges who must rely on the printed record' " (*People v Cole*, 111 AD3d 1301, 1302, *lv denied* ___ NY3d ___ [June 25, 2014]).

Contrary to the People's contention, we conclude that defendant preserved his challenge to County Court's *Sandoval* ruling (*cf. People v Manning*, 286 AD2d 690, 690, *lv denied* 97 NY2d 684), but we nevertheless conclude that defendant's challenge lacks merit (*see*

*People v Hayes*, 97 NY2d 203, 207-208; *People v Ayala*, 27 AD3d 1087, 1089, *lv denied* 6 NY3d 892).  We reject defendant's further contention that the court erred in refusing to suppress statements that he made to the police.  "The suppression hearing testimony established that defendant's initial statement[] [was] made spontaneously and [was] not in response to any police questioning or its functional equivalent, and defendant's later statements were made after defendant was advised of his *Miranda* rights and had waived them" (*People v Burnett*, 41 AD3d 1201, 1202; *see People v Irvin*, 111 AD3d 1294, 1295; *see generally People v Thomas*, 22 NY3d 629, 641-642).  Finally, we conclude that the sentence is not unduly harsh or severe.

Entered:  September 26, 2014                    Frances E. Cafarell
                                               Clerk of the Court