■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN DeCAPUA, Appellant. [57 NYS3d 299]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered October 21, 2009. The judgment convicted defendant, upon a jury verdict, of criminal possession of stolen property in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [2]), defendant contends that the evidence is legally insufficient to support the conviction because the People failed to prove that he constructively possessed the stolen property, i.e., a debit card that was found by the police on a dresser in his bedroom. We reject that contention. Although there was no evidence that defendant was in direct possession of the debit card, the People established defendant's constructive possession by showing that he exercised "a sufficient level of control over the area" in which the card was found (*People v Manini*, 79 NY2d 561, 573 [1992]; *see People v Forsythe*, 115 AD3d 1361, 1363 [2014]). Granted, other people lived in the house with defendant and had access to his bedroom, but "exclusive access is not required" for a finding of constructive possession (*People v Nichol*, 121 AD3d 1174, 1177 [2014], *lv denied* 25 NY3d 1205 [2015]; *see People v Farmer*, 136 AD3d 1410, 1412 [2016], *lv denied* 28 NY3d 1027 [2016]). Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that it is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Because the evidence is legally sufficient to establish defendant's guilt, we reject defendant's related contention that County Court erred in denying his motion to set aside the verdict pursuant to CPL 330.30 (1).

Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Pointing to evidence that another person who lived in his house may have possessed a cell phone that had been stolen from the same victim, defendant suggests that such other person could easily have placed the debit card on defendant's dresser when the police arrived at the house to execute a search warrant. If

that were the case, however, one would think that defendant's housemate also would have planted the stolen cell phone in his bedroom, but that did not occur. In any event, that argument was made by defense counsel to the jury and, although a different verdict would not have been unreasonable, "it cannot be said that the jury failed to give the evidence the weight it should be accorded" (*People v Canfield*, 111 AD3d 1396, 1397 [2013], *lv denied* 22 NY3d 1087 [2014]; *see generally Bleakley*, 69 NY2d at 495).

Finally, we reject defendant's contention that he was deprived of effective assistance of counsel at trial because his attorney stipulated that the bedroom in which the debit card was found belonged to him. We note that defendant does not assert that the bedroom was not his or that, absent the stipulation, the People would have had difficulty proving that fact. Indeed, despite the stipulation, evidence was adduced at trial showing that numerous papers with defendant's name on them were found in the bedroom, and defendant stated at sentencing that he had no idea that the debit card was in his room. Under the circumstances, defense counsel's decision to stipulate that the debit card was found in defendant's bedroom "could be seen as part of a valid strategy to avoid dwelling on facts that would almost certainly be established and instead maintain his focus on the hotly contested element[ ] of possession" (*People v Knox*, 80 AD3d 887, 889 [2011], *lv denied* 16 NY3d 860 [2011]). Present—Peradotto, J.P., Carni, Lindley, Troutman and Scudder, JJ.