People v Picart (2019 NY Slip Op 02561)





People v Picart


2019 NY Slip Op 02561


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
BETSY BARROS, JJ.


2017-00031
 (Ind. No. 15-00758)

[*1]The People of the State of New York, respondent,
v
Juan Picart, appellant.


Clement S. Patti, Jr., White Plains, NY, for appellant, and appellant pro se.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (William C. Milaccio and Steven A. Bender of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Barry E. Warhit, J.), rendered November 9, 2016, as amended February 15, 2017, convicting him of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a firearm, upon a jury verdict, and imposing sentence.
ORDERED that the judgment, as amended, is affirmed.
The defendant was indicted for attempted murder in the second degree and other crimes related to a June 1, 2015, shooting of the complainant in a Westchester County delicatessen. Following a jury trial, the defendant was convicted of attempted murder in the second degree and assault in the first degree for the shooting. The defendant was also convicted of criminal possession of a weapon in the second degree and criminal possession of a firearm for his June 22, 2015, possession of the gun that had been used in the shooting. The gun was recovered from an apartment in which the defendant had been staying, during a search conducted with the consent of the apartment owner.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the second degree and criminal possession of a firearm beyond a reasonable doubt. Contrary to the defendant's contention, the evidence was legally sufficient to
establish, beyond a reasonable doubt, that he exercised dominion or control over the area in which the gun was found such that he constructively possessed the firearm (see People v Muhammad, 16 NY3d 184, 188; People v DeCapua, 151 AD3d 1746, 1747; People v Mangarella, 190 AD2d 757, 757; see also Penal Law § 10.00[8]). Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the County Court providently exercised its discretion in denying his request for a missing witness charge with respect to the complainant. The complainant, through his lawyer, refused to testify despite having been subpoenaed and was not under the People's control (see People v Savinon, 100 NY2d 192, 197-200; People v Mobley, 77 [*2]AD3d 488, 489; People v Washington, 21 AD3d 648, 649; People v Mulero, 229 AD2d 402, 403).
The defendant's contention that the County Court erred in allowing references to the gang affiliation of the complainant and another man in the delicatessen is unpreserved for appellate review (see CPL 470.05[2]). Moreover, the defendant partially waived this contention by affirmatively using evidence of the complainant's gang affiliation in his cross-examination of the witnesses and in summation as part of his defense strategy (see People v Holmes, 47 AD3d 946, 946; People v Blackman, 13 AD3d 640, 641). In any event, the defendant was not deprived of a fair trial by the admission of the challenged evidence (cf. People v Cheatham, 158 AD2d 934, 935), and any other error in its admission was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to the defendant's convictions (see People v Crimmins, 36 NY2d 230, 241-242).
The defendant's contention, made in his pro se supplemental brief, that he was deprived of the effective assistance of counsel is based, in part, on matter dehors the record, and thus, constitutes a "mixed claim" of ineffective assistance of counsel (People v Maxwell, 89 AD3d 1108, 1109). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Benson, 164 AD3d 911, 912; People v Crosby, 133 AD3d 681, 682).
The defendant's contention, made in his pro se supplemental brief, that the County Court erred in denying his request for a Dunaway hearing (see Dunaway v New York, 442 US 200) is academic, since the court suppressed the defendant's statement to police on another ground, and there were no identifications made or physical evidence seized as a result of the arrest (see generally People v Jones, 2 NY3d 235, 244).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit.
SCHEINKMAN, P.J., RIVERA, HINDS-RADIX and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court