People v Muniz (2021 NY Slip Op 02023)





People v Muniz


2021 NY Slip Op 02023


Decided on April 1, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 1, 2021

112345

[*1]The People of the State of New York, Respondent,
v
David Muniz, Appellant.

Calendar Date: February 10, 2021

Before: Lynch, J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


Michael D. Horn, Astoria, for appellant.
Jason M. Carusone, District Attorney, Lake George (Matthew D. Burin of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered March 21, 2019, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the fourth degree (two counts).
On January 21, 2017, defendant allegedly sold a package of illegal drugs to a confidential informant (hereinafter CI) working for the Warren County Sheriff's Office. Contained within the package were two baggies of different substances, later proven to be cocaine in one baggie and a mixture of heroin and fentanyl in the other. After a jury trial, defendant was convicted of two counts of criminal sale of a controlled substance in the third degree, two counts of criminal possession of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the fourth degree. He was ultimately sentenced, as a second felony offender, to consecutive prison terms of 10 years, followed by three years of postrelease supervision, for his conviction under count 1 of criminal sale of a controlled substance in the third degree — cocaine, and 12 years, followed by three years of postrelease supervision, for his conviction under count 2 of criminal sale of a controlled substance in the third degree — heroin. Defendant was also sentenced to lesser concurrent prison terms on the remaining convictions. Defendant appeals.
Initially, defendant contends that County Court erred in failing to dismiss the counts for criminal possession of a controlled substance in the fourth degree as inclusory concurrent counts of criminal possession of a controlled substance in the third degree. "Concurrent counts are 'inclusory' when the offense charged in one is greater than any of those charged in the others and when the latter are all lesser offenses included within the greater" (CPL 300.30 [4]). "A crime is a lesser included offense of a charge of a higher degree only when in all circumstances, not only in those presented in the particular case, it is impossible to commit the greater crime without concomitantly, by the very same conduct, committing the lesser offense" (People v Seals, 135 AD3d 985, 986 [2016] [internal quotation marks and citations omitted]).
"A person is guilty of criminal possession of a controlled substance in the third degree when he [or she] knowingly and unlawfully possesses a narcotic drug with intent to sell it" (Penal Law § 220.16 [1]). "A person is guilty of criminal possession of a controlled substance in the fourth degree when he [or she] knowingly and unlawfully possesses . . . substances containing a narcotic drug . . . of an aggregate weight of one-eighth ounce or more" (Penal Law § 220.09 [1]). Criminal possession of a controlled substance in the third degree requires an element of intent to sell, whereas criminal [*2]possession of a controlled substance in the fourth degree contains an element based on the weight of the drugs. As each crime has a necessary element that is not found in the other, and it is at least theoretically possible to commit one offense without concomitantly committing the other, criminal possession of a controlled substance in the fourth degree is not a lesser included offense of criminal possession of a controlled substance in the third degree, and we will not disturb County Court's determination in that regard (see People v Alverson, 79 AD3d 1787, 1787 [2010]; People v Lee, 196 AD2d 509, 510 [1993], lv denied 82 NY2d 851 [1993]).
Defendant next contends that the drug packages should not have been admitted into evidence as the People failed to establish a proper chain of custody. Specifically, he argues that the CI failed to testify that the packages were the actual drugs he bought from defendant. "In order to establish the admissibility of real evidence, such as the actual [drugs] involved in a drug sale, the People are required to establish its authenticity by showing first, that the evidence is identical to that involved in the crime, and, second, that it has not been tampered with" (People v Carter, 131 AD3d 717, 722 [2015] [internal quotation marks, brackets and citations omitted], lv denied 26 NY3d 1007 [2015]; see People v Julian, 41 NY2d 340, 342-343 [1977]). "One acceptable method of authenticating fungible items, such as bags containing [drugs], is to establish a chain of custody" (People v Carter, 131 AD3d at 722-723 [citations omitted]). This "generally requires that all those who have handled the item identify it and testify to its custody and unchanged condition" (People v Julian, 41 NY2d at 343 [internal quotation marks and citation omitted]; accord People v Pacheco, 274 AD2d 746, 747 [2000], lv denied 95 NY2d 937 [2000]).
At trial, the CI testified that he was strip-searched and his vehicle was searched prior to and after the controlled buy, he was equipped with audio and video surveillance devices, he was followed by Sheriff's Office investigators to and from the buy, his actions at the buy were monitored by the investigators, and he handed the drugs over to the investigators when the buy was finished. Multiple investigators, officers and a forensic scientist testified to their roles in preparing for the controlled buy and overseeing the collection and storage of the drug evidence. "The detailed testimony offered by the CI and detectives — who searched the CI before and after the controlled buy[], listened to the transaction[] through an audio device and observed the CI return from [the buy] and turn over the [drugs] — as well as that of the relevant law enforcement officials regarding the collection, securing and testing of the [drugs] at issue, provided the necessary reasonable assurances of the identity and unchanged condition of the drugs to authenticate that evidence" (People v Jordan, 154 AD3d 1176, 1178[*3][2017] [internal quotation marks and citations omitted]). Viewing the testimony as a whole, we find that the People established a sufficient chain of custody such that the drug packages were admissible, "and any gaps in the chain of custody go to the weight of the evidence, not its admissibility" (People v Carter, 131 AD3d at 723 [internal quotation marks and citation omitted]).
Next, defendant contends that the sentences imposed on the criminal sale convictions should run concurrently, not consecutively. "[C]oncurrent sentences must be imposed for two or more offenses committed through a single act or omission, whereas consecutive sentences may be imposed when the facts demonstrate that the defendant's acts underlying the crimes are separate and distinct — even though those acts are part of a single criminal transaction" (People v Parks, 180 AD3d 1109, 1110 [2020] [internal quotation marks, ellipsis, brackets and citations omitted]; see People v Thompson, 159 AD3d 1281, 1282 [2018], lv denied 32 NY3d 1008 [2018]). "It is the People's burden to establish the legality of consecutive sentencing by showing that the acts or omissions committed by the defendant were separate and distinct acts" (People v Thompson, 159 AD3d at 1282 [internal quotation marks, brackets and citations omitted]).
Here, the People failed to prove that defendant committed two separate and distinct acts. Counts 1 and 2 were for criminal sale of a controlled substance in the third degree — one for each drug; thus, the actus reus elements are the same (see People v Mangarillo, 152 AD3d 1061, 1062 [2017]; People v Laureano, 87 NY2d 640, 643 [1996]). The record reveals that the CI made arrangements for one sale to take place and defendant engaged in a single transaction — one sale of two controlled substances. The sale occurred in defendant's vehicle where there was an exchange of money for one bag of drugs, containing two smaller bags of drugs. As the offenses were committed through one single distinct act, the sentences imposed on counts 1 and 2 should run concurrently (see People v Darby, 72 AD3d 1280, 1284 [2010], lv denied 15 NY3d 749 [2010]; cf. People v Figueroa, 167 AD3d 1073, 1075 [2018]).
Finally, defendant argues that his lengthy sentence for a single drug sale of $700 was punishment for him exercising his right to a jury trial and was harsh and excessive. Although we recognize the relatively low cash value of the drugs sold, the sale involved heroin and cocaine, which are dangerous, lethal drugs. In addition, County Court took into consideration defendant's prior criminal history and lack of remorse. As such, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence imposed in the interest of justice (see People v Santana, 179 AD3d 1299, 1303 [2020], lv denied 35 NY3d 973 [2020]; People v Hatch, 165 AD3d 1321, 1322 [2018], lv denied 32 NY3d 1125 [2018]; People v Russell, 155 AD3d 1432, 1433 [2017], lv denied 30 NY3d [*4]1119 [2018]).
Lynch, J.P., Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is modified, on the law, by directing that defendant's sentences for criminal sale of a controlled substance in the third degree under counts 1 and 2 of the indictment shall run concurrently to each other, and, as so modified, affirmed.